**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JUL 1 4 2009

CL...

| | |
|---|---|
| WIAV SOLUTIONS LLC,<br>a Virginia company,<br><br>     Plaintiff,<br><br>     v.<br><br>MOTOROLA, INC., a Delaware company;<br>NOKIA CORPORATION, a Finnish company;<br>NOKIA INC., a Delaware company; PALM,<br>INC., a Delaware company; PERSONAL<br>COMMUNICATIONS DEVICES LLC, a<br>Delaware company; PERSONAL<br>COMMUNICATIONS DEVICES<br>HOLDINGS, LLC, a Delaware company;<br>SHARP CORPORATION, a Japanese<br>company; SHARP ELECTRONICS<br>CORPORATION,<br>a New York company; SONY ERICSSON<br>MOBILE COMMUNICATIONS AB, a<br>Swedish company; SONY ERICSSON<br>MOBILE COMMUNICATIONS (USA) INC.,<br>a Delaware company; and UTSTARCOM,<br>INC., a Delaware company,<br><br>     Defendants; and<br><br>MINDSPEED TECHNOLOGIES, INC.,<br>a Delaware company,<br><br>     Defendant Patent Owner. | Civil Action No. 3:09 CV 447 REP<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1.    Plaintiff WiAV Solutions LLC ("WiAV"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Motorola, Inc., Nokia Corporation, Nokia Inc., Palm, Inc., Personal Communications Devices, LLC, Personal Communications Devices Holdings, LLC, Sharp Corporation, Sharp Electronics

Corporation, Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications (USA) Inc., and UTStarcom, Inc. (individually and collectively, "Defendants") as set forth below.    Mindspeed Technologies, Inc. ("Mindspeed") is named as a party to this litigation and denominated as a defendant patent owner.

## NATURE OF THE ACTION

2.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 6,256,606 ("the '606 Patent"), titled "Silence description coding for multi-rate speech codecs," United States Patent No. 7,120,578 ("the '578 Patent"), titled "Silence description coding for multi-rate speech codecs," United States Patent No. 6,507,814 ("the '814 Patent"), titled "Pitch determination using speech classification and prior pitch estimation," United States Patent No. 7,266,493 ("the '493 Patent"), titled "Pitch determination based on weighting of pitch lag candidates," United States Patent No. 6,633,841 ("the '841 Patent"), titled "Voice activity detection speech coding to accommodate music signals," United States Patent No. 6,104,992 ("the '992 Patent"), titled "Adaptive gain reduction to produce fixed codebook target signal," United States Patent No. 6,385,573 ("the '573 Patent"), titled "Adaptive tilt compensation for synthesized speech residual," United States Patent No. 6,539,205 ("the '205 Patent"), titled "Traffic channel quality estimation from a digital control channel," and United States Patent No. 6,680,920 ("the '920 Patent"), titled "Power management system for a mobile station" (collectively the "Patents-in-Suit").    WiAV seeks injunctive

relief to prevent Defendants from continuing to infringe the Patents-in-Suit.   In addition, WiAV seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3.    This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that operate using Global System for Mobile ("GSM") communications and/or using the Wideband Code Division Multiple Access ("W-CDMA") and/or that utilize certain speech and audio codecs.

## THE PARTIES

4.    Plaintiff WiAV is a limited liability company organized under the laws of Virginia with its principal place of business at 8133 Leesburg Pike, Suite 640, Vienna, VA 22182 in the judicial district of the Eastern District of Virginia.

5.    Plaintiff WiAV is the lawful assignee of all right, title and interest in and to the '205 Patent and the '920 Patent.

6.    Defendant Patent Owner Mindspeed is a Delaware corporation with its principal place of business at 4000 MacArthur Blvd., East Tower, Newport Beach, CA 92660.

7.    Mindspeed is the lawful assignee of all right, title and interest in and to the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent.

8.    As a result of the foregoing, Mindspeed has an interest in the outcome of this litigation, is subject to personal jurisdiction in this Court, and is a proper party to this action as either a plaintiff, defendant, or involuntary plaintiff, whichever designation is

deemed appropriate by the Court.

9.      Plaintiff WiAV is an exclusive licensee with a right of enforcement in a specified field of use under the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent.  Pursuant to WiAV's exclusive license, WiAV has the right to bring suit for infringement of the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent in the specified field of use.

10.      On information and belief, Motorola, Inc. ("Motorola") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1303 East Algonquin Road, Schaumberg, Illinois 60196.  On information and belief, Motorola designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

11.      On information and belief, Nokia Corporation is a Finnish Corporation, with its principal place of business at Keilalahdentie 4, P.O. Box 226, FI-00045 Nokia Group, Espoo, Finland.  Nokia Inc., on information and belief, is a wholly-owned subsidiary of Nokia Corporation and incorporated under the laws of the State of Delaware, with its principal place of business at 6000 Connection Drive, Irving, Texas 75039. Nokia Corporation and Nokia Inc. will be referred to herein individually and collectively as the "Nokia Defendants."   On information and belief, the Nokia Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

12.      On information and belief, Palm, Inc. ("Palm") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 950 West

Maude Avenue, Sunnyvale, California 94085. On information and belief, Palm designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

13.    On information and belief, Personal Communications Devices Holdings, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 555 Wireless Blvd., Hauppage, NY 11788-3966. Personal Communications Devices LLC, on information and belief, is a wholly-owned subsidiary of Personal Communications Devices Holdings LLC and is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 555 Wireless Blvd., Hauppage, NY 11788-3966. Personal Communications Devices Holdings, LLC and Personal Communications Devices LLC will be referred to herein individually and collectively as the "PCD Defendants." On information and belief, the PCD Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

14.    On information and belief, Sharp Corporation is a company organized and existing under the laws of Japan, with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan. Sharp Electronics Corporation, on information and belief, is a wholly-owned subsidiary of Sharp Corporation and incorporated under the laws of the State of New York, with its principal place of business at 1 Sharp Plaza, Mahwah, New Jersey 07495-1163. Sharp Corporation and Sharp Electronics Corporation will be referred to herein individually and collectively as the "Sharp Defendants." On information and belief, the Sharp Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

15.    On information and belief, Sony Ericsson Mobile Communications AB is a Swedish company, with its principal place of business at 202 Hammersmith Road, London, W6 7DN, United Kingdom.  Sony Ericsson Mobile Communications (USA), Inc., on information and belief, is a wholly-owned subsidiary of Sony Ericsson Mobile Communications AB, and is incorporated under the laws of the State of Delaware, with its primary place of business at 7001 Development Drive, Research Triangle Park, NC 27709. Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA), Inc. will be referred to herein individually and collectively as the "Sony Ericsson Defendants."  On information and belief, the Sony Ericsson Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

16.    On information and belief, UTStarcom, Inc. ("UTStarcom") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1275 Harbor Bay Parkway, Alameda, CA 94502.  On information and belief, UTStarcom designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

### JURISDICTION AND VENUE

17.    This lawsuit is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

18.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

-6-

19.    Defendant Patent Owner Mindspeed is subject to personal jurisdiction in this Court by virtue of its business dealings with WiAV, a Virginia company.

20.    This Court has personal jurisdiction over Motorola, and venue is proper in this District, because Motorola does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.   In addition, the Court has personal jurisdiction over Motorola because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.   On information and belief, Motorola knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.   By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Moto EM330, Karma, V365, Tundra, Moto Q, ROKR E8, ACTV, W490, V195s, Renew W233, and ZINE ZN5 wireless communications devices.   In accordance with established distribution channels for the accused products, Motorola reasonably anticipated that the accused products would end up in this District and be sold herein.

21.    This Court has personal jurisdiction over the Nokia Defendants, and venue is proper in this District, because the Nokia Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.   In addition, the Court has personal jurisdiction over the Nokia Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.   On information and belief, the Nokia Defendants knowingly and intentionally

participate in a stream of commerce into the United States including sales of the accused products.   By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the 2600, 6555, 6650, E71x, 5310, 3555, 2610, 1680, 2760, 6301, 5610, and 7510 wireless communications devices.   In accordance with established distribution channels for the accused products, the Nokia Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

22.   This Court has personal jurisdiction over Palm, and venue is proper in this District, because Palm does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.   In addition, the Court has personal jurisdiction over Palm because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.   On information and belief, Palm knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.   By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Pre, Centro, and Treo Pro wireless communications devices.   In accordance with established distribution channels for the accused products, Palm reasonably anticipated that the accused products would end up in this District and be sold herein.

23.   This Court has personal jurisdiction over the PCD Defendants, and venue is proper in this District, because the PCD Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District.   In addition, the Court has personal jurisdiction over the PCD Defendants

because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the PCD Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Quickfire wireless communications device. In accordance with established distribution channels for the accused products, the PCD Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

24.    This Court has personal jurisdiction over the Sharp Defendants, and venue is proper in this District, because the Sharp Defendants do business in Virginia, and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Sharp Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Sharp Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including, but not limited to, the Sidekick and Sidekick LX devices. In accordance with established distribution channels for the accused products, the Sharp Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

25.    This Court has personal jurisdiction over the Sony Ericsson Defendants, and

venue is proper in this District, because the Sony Ericsson Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Sony Ericsson Defendants because each of them has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Sony Ericsson Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the W350, W760a, and TM506 wireless communications devices. In accordance with established distribution channels for the accused products, the Sony Ericsson Defendants reasonably anticipated that the accused products would end up in this District and be sold herein.

26.    This Court has personal jurisdiction over UTStarcom, and venue is proper in this District, because UTStarcom does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over UTStarcom because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, UTStarcom knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Quickfire wireless communications

device. In accordance with established distribution channels for the accused products, UTStarcom reasonably anticipated that the accused products would end up in this District and be sold herein.

## FACTUAL BACKGROUND

27.     The Patents-in-Suit are directed to various aspects of encoding and decoding of signals and signal transmission.

28.     The first patent in suit, the '606 Patent, was duly and legally issued on July 3, 2001.

29.     The second patent in suit, the '578 Patent, was duly and legally issued on October 10, 2006.

30.     The third patent in suit, the '814 Patent, was duly and legally issued on January 14, 2003.

31.     The fourth patent in suit, the '493 Patent, was duly and legally issued on September 4, 2007.

32.     The fifth patent in suit, the '841 Patent, was duly and legally issued on October 14, 2003.

33.     The sixth patent in suit, the '992 Patent, was duly and legally issued on August 15, 2000.

34.     The seventh patent in suit, the '573 Patent, was duly and legally issued on May 7, 2002.

35.     The eighth patent in suit, the '205 Patent, was duly and legally issued on March 25, 2003.

36.     The ninth patent in suit, the '920 Patent, was duly and legally issued on

-11-

January 20, 2004.

### Defendants' Products and Processes Infringe the Patents-in-Suit

37.     Defendants market, make, use, sell, offer for sale and/or import into the United States products and services that directly infringe, contributorily infringe and/or induce others to infringe, or are used to practice processes that infringe, one or more claims of the Patents-in-Suit. Defendants' infringing products and services include, without limitation, products that operate according to the GSM standard and/or the W-CDMA standard and/or that use certain speech and audio codecs.

38.     Motorola is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Moto EM330, Karma, V365, Tundra, Moto Q, ROKR E8, ACTV, W490, V195s, Renew W233, and ZINE ZN5 devices. Motorola earns substantial revenue each year selling such products in the United States.

39.     The Nokia Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the 2600, 6555, 6650, E71x, 5310, 3555, 2610, 1680, 2760, 6301, 5610, and 7510 devices.   The Nokia Defendants earn substantial revenue each year selling such products in the United States.

40.     Palm is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Pre, Centro, and Treo Pro devices. Palm earns substantial revenue each year selling such products in the United States.

41.     The PCD Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Quickfire device.   The PCD Defendants earn substantial revenue each year selling such products in the United States.

42.    The Sharp Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Sidekick and Sidekick LX devices.    The Sharp Defendants earn substantial revenue each year selling such products in the United States.

43.    The Sony Ericsson Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the W350, W760a, and TM506 devices.    The Sony Ericsson Defendants earn substantial revenue each year selling such products in the United States.

44.    UTStarcom is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Quickfire device.

### WiAV Has Been Irreparably Harmed by Defendants' Continued Infringement

45.    As a result of Defendants' unlawful infringement of the '887 patent, WiAV has suffered and will continue to suffer damages.    WiAV is entitled to recover damages adequate to compensate for that infringement.

46.    As a result of Defendants' unlawful infringement of the '887 patent, WiAV has suffered and will continue to suffer damages.    WiAV is entitled to recover damages adequate to compensate for that infringement.

47.    Defendants' acts of infringement herein have been made with full knowledge of WiAV's rights in the '887 patent.    Such acts constitute willful and deliberate infringement, entitling WiAV to enhanced damages and reasonable attorney fees.

48.    WiAV has been irreparably harmed by Defendants' infringement of its valuable patent rights.    Moreover, Defendants' unauthorized, infringing use of systems

and methods covered by the Patents-in-Suit has threatened the value of this intellectual property because Defendants' conduct results in WiAV's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

49.    Defendants' disregard for WiAV's property rights similarly threatens WiAV's relationships with potential licensees of this intellectual property.    Defendants will derive a competitive advantage over any of WiAV's future licensees from using WiAV's patented technology without paying compensation for such use.    Accordingly, unless and until Defendants' continued acts of infringement are enjoined, WiAV will suffer further irreparable harm for which there is no adequate remedy at law.

**COUNT I**
**(Infringement of United States Patent No. 6,256,606)**

50.    Paragraphs 1 through 49 are incorporated by reference as if fully restated herein.

51.    Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '606 Patent.    WiAV is an exclusive licensee in a field of use under the '606 Patent.

52.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '606 Patent.

53.    Defendants have been and continue infringing one or more of the claims of

-14-

the '606 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

54.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT II
### (Willful Patent Infringement of United States Patent No. 6,256,606)

55.     Paragraphs 1 through 54 are incorporated by reference as if fully restated herein.

56.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '606 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '606 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III
### (Infringement of United States Patent No. 7,120,578)

57.     Paragraphs 1 through 56 are incorporated by reference as if fully restated herein.

58.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '578 Patent. WiAV is an exclusive licensee in a field of use under the '578 Patent.

59.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '578 Patent.

60.    Defendants have been and continue infringing one or more of the claims of the '578 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.    Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

61.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV
**(Willful Patent Infringement of United States Patent No. 7,120,578)**

62.    Paragraphs 1 through 61 are incorporated by reference as if fully restated herein.

63.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '578 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.    Therefore, WiAV is without adequate remedy at law.    WiAV is entitled to recover damages adequate to compensate for the infringement of the '578 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V
### (Infringement of United States Patent No. 6,507,814)

64.     Paragraphs 1 through 63 are incorporated by reference as if fully restated herein.

65.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '814 Patent.   WiAV is an exclusive licensee in a field of use under the '814 Patent.

66.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '814 Patent.

67.     Defendants have been and continue infringing one or more of the claims of the '814 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.   Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

68.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT VI
### (Willful Patent Infringement of United States Patent No. 6,507,814)

69.     Paragraphs 1 through 68 are incorporated by reference as if fully restated herein.

70.     Defendants' infringement has been willful, deliberate and with knowledge

of WiAV's rights under the '814 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '814 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII
### (Infringement of United States Patent No. 7,266,493)

71.    Paragraphs 1 through 70 are incorporated by reference as if fully restated herein.

72.    Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '493 Patent. WiAV is an exclusive licensee in a field of use under the '493 Patent.

73.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '493 Patent.

74.    Defendants have been and continue infringing one or more of the claims of the '493 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

75.    WiAV is entitled to recover damages adequate to compensate for the infringement.

### COUNT VIII
### (Willful Patent Infringement of United States Patent No. 7,266,493)

76.    Paragraphs 1 through 75 are incorporated by reference as if fully restated herein.

77.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '493 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.    Therefore, WiAV is without adequate remedy at law.    WiAV is entitled to recover damages adequate to compensate for the infringement of the '493 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IX
### (Infringement of United States Patent No. 6,633,841)

78.    Paragraphs 1 through 77 are incorporated by reference as if fully restated herein.

79.    Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '841 Patent.    WiAV is an exclusive licensee in a field of use under the '841 Patent.

80.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sate or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of

the '841 Patent.

81.    Defendants have been and continue infringing one or more of the claims of the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.    Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

82.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT X
### (Willful Patent Infringement of United States Patent No, 6,633,841)

83.    Paragraphs 1 through 82 are incorporated by reference as if fully restated herein.

84.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '841 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.   Therefore, WiAV is without adequate remedy at law.   WiAV is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XI
### (Infringement of United States Patent No. 6,104,992)

85.    Paragraphs 1 through 84 are incorporated by reference as if fully restated herein.

86.    Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '992 Patent.   WiAV is an exclusive licensee in a field of use under the '992 Patent.

87.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '992 Patent.

88.    Defendants have been and continue infringing one or more of the claims of

the '992 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

89.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XII
### (Willful Patent Infringement of United States Patent No. 6,104,992)

90.    Paragraphs 1 through 89 are incorporated by reference as if fully restated herein.

91.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '992 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '992 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIII
### (Infringement of United States Patent No. 6,385,573)

92.    Paragraphs 1 through 91 are incorporated by reference as if fully restated herein.

93.    Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '573 Patent. WiAV is an exclusive licensee in a field of use under the '573 Patent.

94.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '573 Patent.

95.    Defendants have been and continue infringing one or more of the claims of the '573 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.    Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

96.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XIV
**(Willful Patent Infringement of United States Patent No. 6,385,573)**

97.    Paragraphs 1 through 96 are incorporated by reference as if fully restated herein.

98.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '573 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.    Therefore, WiAV is without adequate remedy at law.    WiAV is entitled to recover damages adequate to compensate for the infringement of the '573 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XV
### (Infringement of United States Patent No. 6,539,205)

99.    Paragraphs 1 through 98 are incorporated by reference as if fully restated herein.

100.    WiAV is the assignee and lawful owner of all right, title and interest in and to the '205 Patent.

101.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '205 Patent.

102.    Defendants have been and continue infringing one or more of the claims of the '205 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.    Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

103.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XVI
### (Willful Patent Infringement of United States Patent No. 6,539,205)

104.    Paragraphs 1 through 103 are incorporated by reference as if fully restated herein.

105.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '205 Patent, and unless Defendants are enjoined by this Court,

such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '205 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XVII
### (Infringement of United States Patent No. 6,680,920)

106.    Paragraphs 1 through 105 are incorporated by reference as if fully restated herein.

107.    WiAV is the assignee and lawful owner of all right, title and interest in and to the '920 Patent.

108.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '920 Patent.

109.    Defendants have been and continue infringing one or more of the claims of the '920 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

110.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XVIII
### (Willful Patent Infringement of United States Patent No. 6,680,920)

111.    Paragraphs 1 through 110 are incorporated by reference as if fully restated herein.

112.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '920 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.    Therefore, WiAV is without adequate remedy at law.    WiAV is entitled to recover damages adequate to compensate for the infringement of the '920 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, WiAV prays for judgment against Defendants, granting WiAV the following relief:

A.    That this Court declare that Mindspeed is a proper party to this lawsuit;

B.    That this Court adjudge and decree that Defendants have infringed, directly and/or indirectly, the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, the '573 Patent, the '205 Patent, and the '920 Patent;

C.    That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that

infringe any of the claims of the Patents-in-Suit, or otherwise engaging in acts of infringement of the Patents-in-Suit, all as alleged herein;

D.     That this Court order an accounting to determine the damages to be awarded to WiAV as a result of Defendants' infringement;

E.     That this Court order an accounting to determine the damages to be awarded to WiAV as a result of Defendants' infringement following the period of damages established by WiAV at trial;

F.     That this Court, pursuant to 35 U.S.C. § 284, enter an award to WiAV of such damages as it shall prove at trial against Defendants that are adequate to compensate WiAV for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

G.     That this Court find that Defendants' infringement is willful and enter an award of enhanced damages up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

H.     That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

I.     That this Court declare this case to be exceptional and direct Defendants to pay WiAV's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

J.     That this Court grant to WiAV such other, further, and different relief as may be just and proper.

## JURY DEMAND

WiAV demands a trial by jury of all matters to which it is entitled to trial by jury

pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

_(signature)_

K. Kevin Mun (VA Bar No. 73247)
Echelon Law Group, PC
1919 Gallows Road, Suite 330
Vienna, Virginia 22182
Telephone:  (703) 496-5000
Fax:  (703) 579-0105
E-mail:  kevin.mun@echelaw.com

Tae H. Kim
Echelon Law Group, PC
150 Spear Street, Suite 825
San Francisco, CA 94105
Telephone: (415) 830-9462
Facsimile: (415) 762-4191
E-mail:  tae.kim@echelaw.com

Adrian M. Pruetz
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA   90245
Telephone:  (310) 765 – 7650
Facsimile:  (310) 765-7641
E-mail:  ampruetz@pruetzlaw.com

Brian S. Seal
HIGHBURY CHAPMAN LLC
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone:  (202) 508-1078
Facsimile:  (202) 508-1478
E-mail:  bsseal@hc-iplaw.com

_Attorneys for Plaintiff WiAV Solutions LLC_

Dated:   July 14, 2009