UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

WIAV SOLUTIONS, a Virginia company,

        Plaintiff,

v.

MOTOROLA, INC., a Delaware company;
NOKIA CORPORATION, a Finnish company;
NOKIA INC., a Delaware company; PERSONAL
COMMUNICATIONS DEVICES, LLC, a
Delaware company; PERSONAL
COMMUNICATIONS DEVICES
HOLDINGS,  LLC, a Delaware company;
SHARP CORPORATION, a Japanese
company; SHARP ELECTRONICS
CORPORATION, a New York company;
SONY ERICSSON MOBILE
COMMUNICATIONS AB, a Swedish
company; SONY ERICSSON MOBILE
COMMUNICATIONS (USA),INC., a
Delaware company; and UTSTARCOM, INC.,
a Delaware company,

        Defendants; and

MINDSPEED TECHNOLOGIES, INC.,
a Delaware company,

        Defendant Patent Owner.

Civil Action No. 3:09cv447 REP

## ANSWER

For its Answer to Plaintiff WIAV Solutions, LLC's ("Plaintiff") Complaint in the above-captioned action, filed on July 14, 2009, defendant Mindspeed Technologies, Inc. ("Mindspeed"), a Delaware Corporation, through its attorneys of record, hereby pleads as follows:

1.     Mindspeed admits that it has been denominated as a defendant patent owner in the above-captioned action.  As to the remaining allegations in paragraph 1, Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 1 of the Complaint.

72918

2. Mindspeed admits that Plaintiff alleges one or more claims of infringement of the nine patents-in-suit against defendants. Except as expressly admitted, Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 2 of the Complaint.

3. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 3 of the Complaint.

## THE PARTIES

4. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 4 of the Complaint.

5. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint are admitted.

7. In response to paragraph 7 of the Complaint, Mindspeed admits that it is the assignee and lawful owner of all right, title and interest in and to United States patent numbers 6,256,606 ("the '606 Patent"), 7,120,578 ("the '578 Patent), 6,507,814 ("the '814 Patent"), 7,266,493 ("the '493 Patent"), 6,633,841 ("the '841 Patent"), 6,104,992 ("the '992 Patent"), and 6,385,573 ("the '573 Patent.").

8. Mindspeed admits that as the owner of seven of the patents-in-suit, it has an interest in the outcome of the litigation. Mindspeed admits that it is a proper defendant in this action. Except as expressly admitted, Mindspeed denies the remaining allegations in paragraph 8 of the Complaint.

9. Mindspeed admits that Plaintiff is an exclusive licensee in a specified field of use under the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent. Except as expressly admitted, Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 10 of the Complaint.

11. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 11 of the Complaint.

12. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 12 of the Complaint.

13. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 13 of the Complaint.

14. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 14 of the Complaint.

15. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 15 of the Complaint.

16. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17. The allegations in paragraph 17 of the Complaint are admitted.

18. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint are denied.

20. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 20 of the Complaint.

21. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 21 of the Complaint.

22. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 22 of the Complaint.

23. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 23 of the Complaint.

24. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 24 of the Complaint.

25. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 25 of the Complaint.

26. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 26 of the Complaint.

## FACTUAL BACKGROUND

27. Mindspeed admits that the seven patents-in-suit it owns are in part directed to various aspects of encoding and decoding of signals and signal transmissions. Except as expressly admitted, Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies the remaining allegations contained in paragraph 27 of the Complaint.

28. The allegations in paragraph 28 of the Complaint are admitted.

29. The allegations in paragraph 29 of the Complaint are admitted.

30. The allegations in paragraph 30 of the Complaint are admitted.

31. The allegations in paragraph 31 of the Complaint are admitted.

32. The allegations in paragraph 32 of the Complaint are admitted.

33. The allegations in paragraph 33 of the Complaint are admitted.

34. The allegations in paragraph 34 of the Complaint are admitted.

35. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 35 of the Complaint.

36. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 36 of the Complaint.

37. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 37 of the Complaint.

38. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 38 of the Complaint.

39. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 39 of the Complaint.

40. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 40 of the Complaint.

41. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 41 of the Complaint.

42. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 42 of the Complaint.

43. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 43 of the Complaint.

44. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 44 of the Complaint.

45. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 45 of the Complaint.

46. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 46 of the Complaint.

47. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 47 of the Complaint.

48. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 48 of the Complaint.

49. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 49 of the Complaint.

**COUNT I**

50. In response to paragraph 50 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-49 of the Complaint.

51. In response to paragraph 51 of the Complaint, Mindspeed admits that it is the assignee and lawful owner of all right, title and interest in and to the '606 Patent. Mindspeed admits that Plaintiff is an exclusive licensee in a specified field of use under the '606 Patent.

52. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 52 of the Complaint.

53. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 53 of the Complaint.

54. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 54 of the Complaint.

## COUNT II

55. In response to paragraph 55 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-54 of the Complaint.

56. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 56 of the Complaint.

## COUNT III

57. In response to paragraph 57 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-56 of the Complaint.

58. In response to paragraph 58 of the Complaint, Mindspeed admits that it is the assignee and lawful owner of all right, title and interest in and to the '578 Patent. Mindspeed admits that Plaintiff is an exclusive licensee in a specified field of use under the '578 Patent.

59. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 59 of the Complaint.

60. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 60 of the Complaint.

61. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 61 of the Complaint.

///

**COUNT IV**

62. In response to paragraph 62 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-61 of the Complaint.

63. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 63 of the Complaint.

**COUNT V**

64. In response to paragraph 64 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-63 of the Complaint.

65. In response to paragraph 65 of the Complaint, Mindspeed admits that it is the assignee and lawful owner of all right, title and interest in and to the '814 Patent. Mindspeed admits that Plaintiff is an exclusive licensee in a specified field of use under the '814 Patent.

66. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 66 of the Complaint.

67. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 67 of the Complaint.

68. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 68 of the Complaint.

**COUNT VI**

69. In response to paragraph 69 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-68 of the Complaint.

70. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 70 of the Complaint.

**COUNT VII**

71. In response to paragraph 71 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-70 of the Complaint.

72. In response to paragraph 72 of the Complaint, Mindspeed admits that it is the assignee and lawful owner of all right, title and interest in and to the '493 Patent. Mindspeed admits that Plaintiff is an exclusive licensee in a specified field of use under the '493 Patent.

73. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 73 of the Complaint.

74. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 74 of the Complaint.

75. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 75 of the Complaint.

## COUNT VIII

76. In response to paragraph 76 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-75 of the Complaint.

77. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 77 of the Complaint.

## COUNT IX

78. In response to paragraph 78 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-77 of the Complaint.

79. In response to paragraph 79 of the Complaint, Mindspeed admits that it is the assignee and lawful owner of all right, title and interest in and to the '841 Patent. Mindspeed admits that Plaintiff is an exclusive licensee in a specified field of use under the '841 Patent.

80. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 80 of the Complaint.

81. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 81 of the Complaint.

82. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 82 of the Complaint.

## COUNT X

83. In response to paragraph 83 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-82 of the Complaint.

84. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 84 of the Complaint.

## COUNT XI

85. In response to paragraph 85 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-84 of the Complaint.

86. In response to paragraph 86 of the Complaint, Mindspeed admits that it is the assignee and lawful owner of all right, title and interest in and to the '992 Patent. Mindspeed admits that Plaintiff is an exclusive licensee in a specified field of use under the '992 Patent.

87. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 87 of the Complaint.

88. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 88 of the Complaint.

89. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 89 of the Complaint.

## COUNT XII

90. In response to paragraph 90 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-89 of the Complaint.

91. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 91 of the Complaint.

## COUNT XIII

92. In response to paragraph 92 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-91 of the Complaint.

93. In response to paragraph 93 of the Complaint, Mindspeed admits that it is the assignee and lawful owner of all right, title and interest in and to the '573 Patent. Mindspeed admits that Plaintiff is an exclusive licensee in a specified field of use under the '573 Patent.

94. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 94 of the Complaint.

95. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 95 of the Complaint.

96. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 96 of the Complaint.

## COUNT XIV

97. In response to paragraph 97 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-96 of the Complaint.

98. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 98 of the Complaint.

## COUNT XV

99. In response to paragraph 99 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-98 of the Complaint.

100. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 100 of the Complaint.

101. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 101 of the Complaint.

102. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 102 of the Complaint.

103. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 103 of the Complaint.

///

///

## COUNT XVI

104. In response to paragraph 104 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-103 of the Complaint.

105. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 105 of the Complaint.

## COUNT XVII

106. In response to paragraph 106 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-105 of the Complaint.

107. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 107 of the Complaint.

108. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 108 of the Complaint.

109. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 109 of the Complaint.

110. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 110 of the Complaint.

## COUNT XVIII

111. In response to paragraph 111 of the Complaint, Mindspeed incorporates by reference as if fully set forth herein its responses to paragraphs 1-110 of the Complaint.

112. Mindspeed is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 112 of the Complaint.

113. Any allegations in the Complaint which have not been expressly addressed herein are denied.

## **RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

The remainder of Plaintiff's Complaint comprises the prayer for relief to which no response is required. To the extent any response is required, Mindspeed admits that it is a proper defendant to this action and Mindspeed is without sufficient information to admit or deny the

remaining allegations, and on that basis denies each and every remaining allegation contained in the Prayer for Relief.

MINDSPEED TECHNOLGIES, INC.

By /s/
**Lawrence A. Dunn**
Virginia State Bar No. 30324
Attorney for Mindspeed Technologies, Inc.
Morris & Morris P.C.
700 East Main Street
P.O. Box 30
Richmond, VA 23218-0030
Tel. (804) 344-8300
Fax (804) 344-8359
LDunn@morrismorris.com

**Joseph E. Thomas (*pro hac vice*)**
**Brian G. Arnold (*pro hac vice*)**
**William J. Kolegraff (*pro hac vice*)**
**Kerri A. Rich (*pro hac vice*)**
Thomas Whitelaw & Tyler, LLP
18101 Von Karman Avenue
Suite 230
Irvine, California 92612-7132
Tel. (949) 679-6400
Fax (949) 679-6405
Email: jthomas@twtlaw.com
Email: barnold@twtlaw.com
Email: bkolegraff@twtlaw.com
Email: krich@twtlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2009, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Kyongtaek Kevin Mun**
Echelon Law Group PC
1919 Gallows Road
Suite 330
Vienna, VA 22182
Tel. 703-496-5559
Fax: 703-579-0105
Email: Kevin.mun@echelaw.com

**David Brendan Lacy**
**Henry Irving Willett, III**
**Nichole Buck Vanderslice**
**Rowland Braxton Hill, IV**
Christian & Barton, LLP
909 E. Main St
Suite 1200
Richmond, VA 23219
Tel. 804-697-4121
Email: dlacy@cblaw.com
Email: hwillett@cblaw.com
Email: nvanderslice@cblaw.com
Email: bhill@cblaw.com

**David Evan Finkelson**
**Robert Michael Tyler**
McGuireWoods LLP
901 E. Cary St
Richmond, VA 23319-4030
Tel. 804-775-1157
Email: dfinkelson@mcguirewoods.com
Email: rtyler@mcguirewoods.com

**Ross Ritter Barton**
Alston & Bird LLP (NC)
101 South Tryon St
Suite 4000
Charlotte, NC 28280-4000
Tel. 704-444-1287
Fax: 704-444-1677
Email: ross.barton@alston.com

**Jessica Lynn Ellsworth**
Hogan & Hartson LLP (DC)
555 13th St NW
Washington, DC 20004-1109
Tel. 202-637-5600
Fax: 202-637-5910
Email: jlellsworth@hhlaw.com

**Dana Duane McDaniel**
Spotts Fain PC
411 E. Franklin St
Suite 600
PO Box 1555
Richmond, VA 23218-1555
Tel. 804-697-2065
Fax: 804-697-2165
Email: dmcdaniel@spottsfain.com

**Brian Charles Riopelle**
McGuire Woods LLP
901 E. Cary Street
Richmond, VA 23219-4030
Tel. 804-775-1000
Email: briopelle@mcguirewoods.com

**Craig Crandall Reilly**
Law Office of Craig C. Reilly
111 Oronoco St
Alexandria, VA 22314
Tel. 703-549-5354
Fax: 703-549-2604
Email: craig.reilly@ccreillylaw.com

**Andrew R. Sommer**
**Jonathan Retsky**
**Gregory Commins**
Howrey LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004
Tel. 202-383-6950
Fax: 202-383-9858
Email: sommera@howrey.com
Email: retsky.j@howrey.com
Email: comminsg@howrey.com

**Adrian Mary Pruetz**
Pruetz Law Group LLP
200 N Sepulveda Blvd
Suite 1525
El Segundo, CA 90245
Tel. 310-765-7650
Fax: 310-765-7641
Email: ampruetz@pruetzlaw.com

**Andrew Choung**
Echelon Law Group PC
150 Spear St
Suite 825
San Francisco, CA 94105
Tel. 415-830-9462
Fax: 415-762-4191
Email: andrew.choung@echelaw.com

**Brian Sherwood Seal**
Highbury Chapman LLC
1629 K Street NW
Suite 300
Washington, DC 20006
Tel. 202-508-1078
Fax: 202-508-1478
Email: bsseal@hc-iplaw.com

**David S. Frist**
**John D. Haynes**
**Keith E. Broyles**
**Stephen McNiff**
Alston & Bird LLP
One Atlantic Center
1201 W Peachtree St
Atlanta, GA 30309
Tel. 404-881-7874
Fax: 404-253-8284
Email: david.frist@alston.com
Email: john.haynes@alston.com
Email: keith.broyles@alston.com
Email: steve.mcniff@alston.com

And I hereby certify that I will mail the document by U.S. Mail to the following non-filing user:

Robert George Litts
Townsend Townsend & Crew LLP
2 Embarcadero Ctr
8th Fl
San Francisco, CA  94111

By_____/s/_____
**Lawrence A. Dunn**
Virginia State Bar No. 30324
Attorney for Mindspeed Technologies, Inc.
Morris & Morris P.C.
700 East Main Street
P.O. Box 30
Richmond, VA  23218-0030
Tel. (804) 344-8300
Fax  (804) 344-8359
LDunn@morrismorris.com