IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



WiAV SOLUTIONS LLC

    Plaintiff,

v.                            Civil No. 3:09cv447

MOTOROLA, INC. et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Transfer Venue (Docket No. 61). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff WiAV Solutions LLC ("WiAV") is in the business of "managing intellectual property assets, evaluating and acquiring patent rights, and licensing patents rights." (Pl.'s Opp'n at 13.) WiAV is organized in Virginia and its principal place of business is in Vienna, Virginia, which is in the Eastern District of Virginia. (Compl. at ¶ 4.) WiAV operates its business from its Vienna office and all three of WiAV's employees work out of the Vienna office. (Pl.'s Opp'n at 6.)

WiAV is the assignee of all right, title, and interest to the following patents:

1

(1) United States Patent No. 6,539,205 (the "205 Patent"), titled "Traffic channel quality estimation from a digital control channel;"

(2) United States Patent No. 6,680,920 (the "920 Patent"), titled "Power management system for a mobile station."

Compl. at ¶¶ 2, 5.) Mindspeed Technologies, Inc. ("Mindspeed") is the lawful assignee of all right, title, and interest to, and WiAV is the "exclusive licensee with a right of enforcement in a specified field of use" of, the following patents:

(1) United States Patent No. 6,256,606 (the "606 Patent"), titled "Silence description coding for multi-rate speech codecs;"

(2) United States Patent No. 7,120,578 (the "578 Patent"), titled "Silence description coding for multi-rate speech codecs;"

(3) United States Patent No. 6,507,814 (the "814 Patent"), titled "Pitch determination using speech classification and prior pitch estimation;"

(4) United States Patent No. 7,266,493 (the "493 Patent"), titled "Pitch determination based on weighting of pitch lag candidates;"

(5) United States Patent No. 6,633,841 (the "841 Patent"), titled "Voice activity detection speech coding to accommodate music signals;"

(6) United States Patent No. 6,104,992 (the "992 Patent"), titled "Adaptive gain reduction to produce fixed codebook target signal;"

(7) United States Patent No. 6,385,573 (the "573 Patent"), titled "Adaptive tilt compensation for synthesized speech residual;"

Id. at ¶¶ 2, 7, 9.) Mindspeed has acknowledged, in a previous action, that WiAV is a licensee with a right of enforcement in the above patents. (Id. at ¶ 9; Pl.'s Opp'n at 5.)

Both WiAV and Mindspeed's patents (collectively the "Patents") deal with several kinds of technology: Global System for Mobile (GSM) communications technology, Wideband Code Division Multiple Access (W-CDMA) technology, and certain speech and audio codecs. (Pl.'s Opp'n at 5.) WiAV alleges that the Patents have been infringed through the "manufacture, use, sale, offer for sale and/or importation into the United States of infringing products, methods, processes, services and systems" that operate on those technologies. (Compl. at ¶ 3; Pl.'s Opp'n at 5.) According to WiAV, the "infringement has occurred and continues to occur" in the Eastern District of Virginia. (Compl. at ¶¶ 20-26.)

WiAV alleges that the following defendants have committed the infringement:

    (1) Motorola, Inc. ("Motorola"), a Delaware corporation with its principal place of business in Schaumburg, Illinois. (Compl. at ¶ 10.);

    (2) Nokia Corporation ("Nokia Corp."), a Finnish corporation with its principal place of business in Finland. (Id. at ¶ 11.);

(3) Nokia Inc. ("Nokia Inc."), a Delaware corporation with its principal place of business in Irving, Texas. (Id.)

(4) Palm Inc. ("Palm"), a Delaware corporation with its principal place of business in Sunnyvale, California. (Id. at ¶ 12.)

(5) Personal Communications Devices LLC ("PCD"), a Delaware limited liability company with its principal place of business in Hauppage, New York. (Id. at ¶ 13.)

(6) Personal Communications Devices Holdings, LLC ("PCD Holdings"), a Delaware limited liability company with its principal place of business in Hauppage, New York. (Id. at ¶ 13.)

(7) Sharp Corporation ("Sharp"), a Japanese corporation with its principal place of business in Japan. (Id. at ¶ 14.)

(8) Sharp Electronics Corporation ("Sharp Electronics"), a New York corporation with its principal place of business in Mahwah, New Jersey. (Id. at ¶ 14.)

(9) Sony Ericsson Mobile Communications AB ("Sony AB"), a Swedish company with its principal place of business in London. (Id. at ¶ 15.)

(10) Sony Ericsson Mobile Communications (USA) Inc. ("Sony USA"), a Delaware corporation with its principal place of business in Research Triangle Park, North Carolina. (Id. at ¶ 15.);

(11) UTStarcom Inc. ("UTStarcom"), a Delaware corporation with its principal place of business in Alameda, California. (Id. at ¶ 16.)

In addition to those Defendants (collectively the "Defendants"), the Complaint names Mindspeed as the Defendant Patent Owner.

4

On September 15, 2009, Defendants Motorola, Nokia Inc., Palm, Sharp Electronics, Sony USA, and UTStarcom (collectively the "Movants") filed a Motion to Transfer Venue to the U.S. District Court for the Southern District of California. The motion is fully briefed and the parties have submitted it for decision without oral argument.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts enjoy discretion under § 1404(a) in determining whether a transfer is appropriate. However, in deciding whether to grant a motion to transfer venue, the court "must conduct the following inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Lycos v. Tivo, Inc., 499 F. Supp. 2d 685, 689 (E.D. Va. 2007). The plaintiff's choice of venue is generally entitled to substantial deference; thus, the party seeking transfer bears the burden to establish that the balance of convenience is "strongly in favor of the forum to which transfer is sought." Medicenters of America, Inc. v. T and

5

V Realty & Equipment Corp., 371 F. Supp. 1180, 1184 (E.D. Va. 1974).

I. Whether Venue is Proper

First, the moving party must establish that venue is proper in the transferee court. Under 28 U.S.C. § 1400(b) venue is proper in any "district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in any district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Here, the Defendants are willing to consent to personal jurisdiction in the Southern District of California. (Defs' Mot. at 5.) Additionally, WiAV does not dispute that the action could have been brought in the Southern District of California. (Pl.'s Opp'n at 10 n.8.) Thus, venue is proper in the Southern District of California.

II. Convenience Factors

Once a court determines that venue is proper, the court must consider and balance several factors, including:

> (1) plaintiff's choice of venue; (2) ease of access to sources of proof; (3) the convenience of the parties and witnesses; (4) the cost of obtaining the attendance of witnesses; (5) the availability of compulsory process; (6) the

6

interest in having local controversies decided at home; (7) in diversity cases, the court's familiarity with the applicable law; and (8) the interest of justice.

Lycos, 499 F. Supp. 2d at 691; Samsung Electronics Co., Ltd. v. Rambus Inc., 386 F. Supp. 2d 708, 715 (E.D. Va. 2005). While all these factors should be considered, the principal factors are the plaintiff's choice of forum, convenience to the parties and witnesses, access to sources of proof, and the interest of justice. Samsung, 386 F. Supp. 2d at 716. Additionally, the weight given to each factor should be "commensurate with the degree each impacts the policy behind § 1404(a), that is, to make the trial easy, expeditious and inexpensive." Southeastern Textile Machinery, Inc. v. H. Warshow & Sons, Inc., 2006 WL 213723, at *2 (W.D. Va. Jan. 27, 2006).

A. Plaintiff's Choice of Venue

The plaintiff's choice of venue is entitled to substantial weight, especially when it is the plaintiff's home forum or one bearing a substantial relationship to the cause of action. Byerson v. Equifax Information Services, LLC, 467 F. Supp. 2d 627, 633 (E.D. Va. 2006).

In this case, WiAV's choice of forum is entitled to substantial weight because the Eastern District of Virginia

7

is WiAV's home forum. WiAV is incorporated in Virginia and maintains its principal place of business in Vienna, Virginia, within the Eastern District of Virginia. (Pl.'s Opp'n at 13.) Additionally, WiAV operates all of its business activities out of its Vienna office, and its employees regularly work in that office. (Id.) Thus, as WiAV correctly argues, "its decision to file its claims in this Court [is] a natural consequence of where its employees and business activities are based." (Id. at 3.)

The Movants argue that WiAV's choice of forum should not receive deference because WiAV has virtually no connection to the Eastern District of Virginia because it has no sales, marketing, or manufacturing in the Eastern District of Virginia. (Defs' Mot. at 6-7.) While the Movants' statement is factually true, it is only so because WiAV simply does not engage in sales, marketing, or manufacturing in any location. Rather, WiAV's principal business includes managing intellectual property assets, acquiring patent rights, and licensing patents. (Pl.'s Opp'n at 13.) WiAV performs those business functions out of its Vienna, Virginia office. (Id.)

More importantly, the Eastern District of Virginia is WiAV's home forum. That fact, in and of itself, establishes a significant connection to the chosen forum.

8

See Taltwell, LLC v. Zonet USA Corp., 2007 WL 4562874, at *12 (E.D. Va. Dec. 20, 2007) ("[Defendant's] first argument, that there is an insufficient nexus between this forum and the cause of action, misses the mark because that is [Plaintiff's] home forum and that alone establishes a significant nexus in this forum."). Because WiAV chose to file this action in its home forum, it need not show any other kind of connection to the forum to receive deference. Further, the chosen forum is also the location from which WiAV conducts much of its business. Therefore, the Movants have failed to meet their burden on this factor and WiAV's choice of forum must be given substantial deference.

### B. Convenience of the Parties

Consideration of the convenience of the parties includes "assessment of the ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." Samsung, 386 F. Supp. 2d at 717 n.13. As the proponents of transfer, the Movants bear the burden of showing that the Eastern District of Virginia is an inconvenient forum in which to litigate, not merely that the Southern District of California is a more convenient forum for the conduct of the litigation. See id. at 718 n.15.

First, the Movants argue that not a single Defendant has its principal place of business in Virginia. (Defs' Mot. at 12.) That is true, but it also is true that, as the Movants fail to point out, not a single Defendant is headquartered in the Southern District of California. (Pl.'s Opp'n at 7.) Instead, the Defendants are headquartered in New York, New Jersey, North Carolina, Illinois, Texas, and in the Central and Northern District of California. (Id.) In fact, the Eastern District of Virginia is closer to the headquarters of five Defendants while the Southern District of California is closer to the headquarters of only three Defendants. (Id.) Thus, in this respect, the Eastern District of Virginia is a convenient forum.

The Movants also have asserted that many party witnesses are located in California. To support this assertion, the Movants offer several declarations stating that witnesses with relevant information are located in California. (See Defs' Mot. at Ex. 3 ("I am aware of several potential [Sony USA] witnesses based in California who are knowledgeable about the design, development, structure, and operation of these products"); Defs' Mot. at Ex. 4 ("I would expect any

necessary Palm witness regarding relevant Palm information on the design, development, structure and operation of the accused products would be located in California."); Defs' Mot. at Ex. 5 ("UTStarcom witnesses most knowledgeable about product sales and volumes for the Accused Devices are generally located in California, Korea and China.")).

Other declarations, however, indicate that many witnesses are located in places other than California. (See Defs' Mot. at Ex. 1 ("the vast majority of Motorola employees likely to have knowledge regarding the accused devices are located in Illinois."); Defs' Mot. at Ex. 2 ("Nokia [Inc.] personnel most knowledgeable about the accused technology in this lawsuit are located outside of Virginia."); Defs' Mot. at Ex. 5 ("UTStarcom personnel most knowledgeable about the GSM and W-CDMA technology at issue in this case are located in Korea and China.")). With witnesses located across the country and abroad, it is inevitable that some of the parties will be inconvenienced more than others. And, considering the various locations from which party witnesses will travel, the Eastern District of Virginia is no less convenient than the Southern District of California.

Finally, the Movants argue that WiAV has no witnesses relevant to this action who are located in Virginia. (Defs' Mot. at 12.) However, according to WiAV, at least two of its employees will be witnesses in this action, and those witnesses both work and reside in the Eastern District of Virginia. (Pl.'s Opp'n at 6.)

Considering the location of all the parties and their potential witnesses, the Movants have not met their burden on this factor.[1]

C. Convenience of the Non-Party Witnesses

The "ability to conduct a trial in a manner that does not unduly burden the witnesses is of central importance in making a trial easy, expeditious, and inexpensive." Southeastern Textile, 2006 WL 213723, at *3 (internal citations omitted). To show inconvenience to the witnesses, the moving party must "proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and degree of inconvenience." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 636

---

[1] Nor have the Movants demonstrated that sources of proof documenting evidence will be more easily accessible in the Southern District of California than in this district.

(E.D. Va. 2003). The moving party cannot discharge its burden merely by stating that potential witnesses reside beyond a forum's subpoena power. Instead, the Movants must demonstrate whether such a "witness is willing to travel to a foreign jurisdiction." Samsung, 386 F. Supp. 2d at 719 (internal citations omitted).

The Movants have identified three categories of non-party witnesses: inventors, prosecuting attorneys, and predecessors-in-interest. (Defs' Mot. at 7-12.) The Movants assert that the vast majority of those witnesses are located in California. (Id. at 7.) However, when each category of witness is examined more carefully, it is clear that the Movants have not shown that this factor militates in favor of transfer.

As to the inventors, the Movants state that all the inventors likely reside in California. (Defs' Mot. at 7.) To support this claim, the Movants provide the names of seven potential witnesses, who are the inventors of the Patents. (Id. at 8-9.) According to the Movants, all seven of these inventors are located in California. (Defs' Mot. at 8.) Notwithstanding their residencies in California, two of those inventors, Yang Gao and Eyal Shlomot, are

consultants for WiAV and have submitted declarations stating that they would not be inconvenienced by having to travel to the Eastern District of Virginia. (Pl.'s Opp'n at 17.) Furthermore, two other inventors, Huan-Yu Su and Adil Benyassine, are employed by Mindspeed and, as employees of a party to the action, reasonably can be expected to appear before this Court if necessary. Thus, these four inventors are more appropriately considered party witnesses; in any event, they have not been shown to be inconvenienced by litigation in this forum.

Of the remaining three witnesses, none reside in the Southern District of California. (Pl.'s Opp'n at 17.) In addition, only one of those three, Jes Thyssen, has stated that he is unwilling to travel to the Eastern District of Virginia. (See Defs' Reply at Ex. 3.) The Movants have not shown, as is required, that the other two inventors are unwilling to travel to the Eastern District of Virginia. Thus, convenience of the inventor witnesses does not weigh in favor of transfer.

The Movants also assert that WiAV's predecessors-in-interest, Conextant Systems, Inc., Skyworks Solutions, Inc. and Mindspeed, are likely to have

14

information regarding WiAV's standing to assert some of the Patents. (Defs' Mot. at 9.) According to the Movants, these predecessors-in-interest have a significant presence in California. (Id. at 10.) Of the three predecessors-in-interest, Mindspeed and Conexant Systems are headquartered in California. (Id.) However, because Mindspeed is a party to this action, it should not be considered in the context of non-party witnesses. The third predecessor-in-interest, Skyworks Solutions, is headquartered in Massachusetts. (Id.) Thus, one predecessor-in-interest is closer to the Eastern District of Virginia while another is closer to the Southern District on California. As a result, convenience of the witnesses from the predecessors-in-interest does not weigh in favor of transfer.

Finally, the Movants assert that it would be more convenient for the attorneys who prosecuted the patents to travel to the Southern District of California. (Defs' Mot. at 8.) In making this assertion, the Movants mention only one law firm, conveniently located in Irvine, California, which prosecuted only two of the nine Patents. (Id. at 11.) The Movants do not account for the other seven Patents

and at least five other prosecuting attorneys who are located in Illinois and Texas, closer to the Eastern District of Virginia. (Pl.'s Opp'n at 19-20.) Therefore, the Movants have failed to meet their burden respecting the convenience of prosecuting attorney witnesses.

Thus, on the whole, the Movants have failed to show that the convenience of non-party witnesses weighs in favor of transfer.

D. **Interest of Justice**

Consideration of the interest of justice "encompasses public interest factors aimed at systemic integrity and fairness." Samsung, 386 F. Supp. 2d at 721 (internal citations omitted). Most prominent among the elements of systemic integrity are "judicial economy and the avoidance of inconsistent judgments." Id. Fairness is assessed by considering "docket congestions, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." Id. at 721 n.16.

The Movants imply do not really articulate a significant substantive analysis of this factor.

Instead, they suggest WiAV has engaged in forum manipulation and argue that, as a result, the interest of justice necessitates a transfer of venue. (Defs' Mot. at 15.) In response, WiAV argues that the interest of justice counsels against transfer because the Movants' request to transfer this action to the Southern District of California is arbitrary. Neither side makes a strong showing on this factor, but, for the reasons discussed previously, the record here supports WiAV's position that the interests of justice have not been shown to support transfer.

In sum, because the Movants have made no compelling showing that the interest of justice requires transfer, the Movants have failed to meet their burden on this factor.

### E. Balance of Factors

On balance, the pertinent factors do not weigh strongly in favor of transfer. It is true that some of the Defendants are headquartered, and maintain offices, in California, and some witnesses are located in California. However, the record shows that other defendants and witnesses are located in New York, New Jersey, Illinois, and Texas. Thus, convenience of the parties and of non-party witnesses is not strong enough to outweigh WiAV's

17

chosen forum. Furthermore, nothing in the record suggests that the interest of justice counsels in favor of a transfer. Therefore, on balance, the Movants have not carried their burden of showing that the pertinent factors weigh in favor of transfer.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Transfer Venue (Docket No. 61) is denied.

It is so ORDERED.

/s/ REP
Senior United States District Judge

Richmond, Virginia
Date: October 20, 2009