IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WiAV SOLUTIONS LLC

    WiAV,

v.                              Civil No. 3:09cv447

MOTOROLA, INC. et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on WiAV's MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) (Docket No. 207). For the reasons set forth below, the motion is granted.

## BACKGROUND

The Plaintiff, WiAV Solutions LLC, ("WiAV") brought this patent infringement action against the Defendants, Motorola, Inc., Nokia, Inc., Nokia Corp., Palm Inc., Personal Communications Devices LLC, Personal Communications Devices Holdings LLC, Sony Ericsson Mobile Communications (USA) Inc., and UTStarcom, Inc. (collectively "the Defendants"), asserting infringement of nine patents. On December 18, 2009, the Court granted the Defendants' motion to dismiss Counts 1 through 14 of the Complaint for lack of standing to assert seven of the nine

1

patents-in-suit.[1] On December 31, 2009, WiAV moved to certify judgment of those claims and counterclaims related to the Mindspeed Patents.[2] The motion has been fully briefed and is ripe for decision.

**DISCUSSION**

I. **The Legal Standard**

FED. R. CIV. P. 54(b) provides:

> When an action presents more than one claim for relief-- whether as a claim, counterclaim, crossclaim, or third-party claim-- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) is generally used as a vehicle to certify a portion of a judgment for immediate appeal, even while the rest of the case remains pending. MercExchange, L.L.C. v.

---

[1] Those patents were: U.S. Patent Nos. 6,104,992; 6,256,606; 6,385,573; 6,507,814; 6,633,841; 7,120,578; and 7,266,493 (the "Mindspeed Patents").

[2] All counterclaims related to the Mindspeed Patents have been dismissed by joint stipulation of the parties. And, on March 5, 2010, WiAV agreed that there was no reason to certify the counterclaims. Thus, only WiAV's claims will be addressed by the Court.

2

eBay, Inc., 2007 WL 6899019, at *4 (E.D. Va. Dec. 11, 2007). In order to certify a judgment under Rule 54(b) a district court must find that a judgment is final and that there is no just reason for delay. Curtiss-Wright Corp. v. Gen. Electric Co., 446 U.S. 1, 7-8 (1980) (citing Sears, Roebuck and Co. v. Mackey, 351 U.S. 427, 436 (1956)).

## II. Application to the Mindspeed Patents Claims

### A. Final Judgment

Before certifying a judgment under FED. R. CIV. P. 54(b), the Court must determine that the judgment is final. A judgment is final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Roebuck and Co., 351 U.S. at 436. In other words, a judgment is final when it "ends litigation on the merits and leaves nothing for the court to do but execute the judgment." W.L. Gore & Associates v. Int'l Med. Prosthetics Research Associates, Inc., 975 F.2d 858, 863 (Fed. Cir. 1992) (citing Caitlin v. United States, 324 U.S. 229, 233 (1945)). Here, the Court's decision to dismiss Counts 1 through 14 of the Complaint represents a final judgment as to those claims.[3] See Sears, Roebuck and

---

[3] Neither party disputes that the grant of the motion to dismiss was a final judgment.

3

Co., 351 U.S. at 436 (stating that there was no doubt that dismissal of the claims constituted a final judgment).

B.  Just Reason for Delay

In determining whether there is just reason for delay, a district court must exercise its discretion "in the interest of sound judicial administration." Sears, Roebuck and Co., 351 U.S. at 437. This ensures that Rule 54(b) "preserves the historic federal policy against piecemeal appeals." Curtiss-Wright Corp., 446 U.S. at 8 (citing Sears, Roebuck and Co., 351 U.S. at 438). And, in exercising its discretion, the Court may consider factors such as (1) whether the claims are separate from those remaining to be adjudicated; and (2) whether the nature of the claims already determined are such that an appellate court would not have to decide the same issues more than once even if subsequent appeals are taken. Curtiss-Wright Corp., 446 U.S. at 8.

Here, the parties disagree over whether just reason for delay exists. WiAV first argues that the remaining claims are separate from those dismissed for lack of standing. Several facts support this contention. First, there is no overlap in inventors between the remaining patents and the Mindspeed Patents. (Pl. Mem. at 4.)

Additionally, while the broad subject matter of the patents (wireless communications) is the same, the functionalities of the remaining patents relate to "short paging" and "link adaptation" while the Mindspeed Patents' functionalities relate to speech coding and decoding. (Id.) This difference is apparent in the disputed claim terms, as the Mindspeed Patents and remaining patents contain no overlapping claim terms in dispute. (Pl. Reply at 3-4.) Moreover, the prior art references outlined in the Defendants invalidity contentions are different in the remaining patents and Mindspeed Patents. (Pl. Mem. at 4.)

The Defendants argue, on the other hand, that WiAV's infringement contentions demonstrate, on their face, that the patents contain overlapping factual issues that cannot be separated. (Def. Response at 6.) Most significantly, the Defendants assert that over half of the 250 accused products relevant to this action are accused of infringing both the Mindspeed Patents and remaining patents. (Id.) And, the Defendants contend, overlapping products will result in overlapping issues at trial and on appeal, such as how the products work and sales of the products. (Id.) This singular factual similarity is outweighed by the distinctions outlined by WiAV, which demonstrate that the

claims are separate. Thus, the factual distinctions between the claims counsel in favor of certification.

Furthermore, the nature of the decided issue is such that an appellate court would not have to decide the same issue more than once. As WiAV asserts, the only issue to be considered on appeal from the dismissed claims is that of standing to assert the Mindspeed Patents. (Pl. Mem. at 4.) That issue is unique to the Mindspeed Patents and an appellate court will not have to consider it at all as to the remaining two patents. Thus, this factor weighs in favor of certification.

The Defendants also argue that certification will result in a waste of judicial resources as a two-trial scenario would be unavoidable. (Def. Response at 2.) And, the Defendants assert that a two-trial scenario will subject the Defendants to "double jeopardy on damages" and result in a windfall to WiAV.[4] (Id. at 7.) However, as

---

[4] In support of this argument, the Defendant cites Braswell Shipyards, Inc. v. Beazer East, Inc. in which the Fourth Circuit held that certification under Rule 54(b) was inappropriate because it resulted in a windfall to the plaintiff. 2 F.3d 1331, 1337 (4th Cir. 1993). In Braswell Shipyards the plaintiff purchased land from the defendant, who did not disclose that hazardous material had been dumped on the land. Id. at 1333. The plaintiff brought a state claim for negligent nondisclosure and a federal claim under CERCLA. Id. The Fourth Circuit held that certification of the negligent nondisclosure claim was inappropriate because relief for that claim was based on

6

WiAV notes, delaying certification could also result in two trials and possibly two appeals. (Pl. Reply at 5.) For example, if after trial on the remaining patents, WiAV successfully appeals the standing issue, there will be a second trial on the Mindspeed Patents. (Id.) On the other hand, WiAV asserts, if certification is allowed at this time and an expedited appeal is taken, WiAV would be prepared to try the Mindspeed Patents at the same time as the remaining patents.[5] (Pl. Reply at 5-6.) Thus, considerations of judicial economy also weigh in favor of granting certification.

## CONCLUSION

For the foregoing reasons, Plaintiff's MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) (Docket NO. 207) will be granted as to WiAV's claims.

It is so ORDERED.

/s/ REP
Senior United States District Judge

Richmond, Virginia
March 8, 2010

---

the value of the land in light of the hazardous material while relief under CERCLA for response costs would necessarily increase the value of the land. Id. at 1337. Thus, the damages were inextricably intertwined and could not be determined separately. Id. Here, the damages are not "inextricably intertwined."

[5] To this end, WiAV has provided discovery relating to the Mindspeed Patents.

7