## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

| | |
|---|---|
| WIAV SOLUTIONS LLC,<br>a Virginia company, | |
|        Plaintiff, | |
|   v. | |
| MOTOROLA MOBILITY, INC., a Delaware<br>company; | Civil Action No. 3:09-cv-447-REP |
| NOKIA CORPORATION, a Finnish company; | JURY TRIAL DEMANDED |
| NOKIA INC., a Delaware company; | |
| SONY ERICSSON MOBILE<br>COMMUNICATIONS AB, a Swedish company; | |
| and | |
| SONY ERICSSON MOBILE<br>COMMUNICATIONS (USA) INC.,<br>a Delaware company, | |
|        Defendants. | |

## AMENDED COMPLAINT

1.      Plaintiff WiAV Solutions LLC ("WiAV"), by and through its attorneys, hereby

demands a jury trial and complains of Defendants Motorola Mobility, Inc., Nokia Corporation,

Nokia Inc., Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile

Communications (USA) Inc.

### NATURE OF THE ACTION

2.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants

unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for subsequent use or sale of products, methods, processes, services, and/or systems that infringe one or more claims of United States Patent Nos. 6,256,606 ("the '606 Patent") (Ex. A), entitled "Silence Description Coding for Multi-rate Speech Codecs," United States Patent No. 7,120,578 ("the '578 Patent") (Ex. B), entitled "Silence Description Coding for Multi-rate Speech Codecs," United States Patent No. 6,507,814 ("the '814 Patent") (Ex. C), entitled "Pitch Determination Using Speech Classification and Prior Pitch Estimation," United States Patent No. 7,266,493 ("the '493 Patent") (Ex. D), entitled "Pitch Determination Based on Weighting of Pitch Lag Candidates," and United States Patent No. 6,385,573 ("the '573 Patent") (Ex. E), entitled "Adaptive Tilt Compensation for Synthesized Speech Residual" (collectively the "Patents-in-Suit").  WiAV seeks injunctive relief to prevent Defendants from continuing to infringe the Patents-in-Suit.  In addition, WiAV seeks a recovery of monetary damages resulting from Defendants past infringement of these patents.

3.     This action for patent infringement involves Defendants manufacture, use, sale, offer for sale, and/or importation into the United States of products, methods, processes, services, and systems that operate using certain speech and audio coding methods, which infringe the Patents-in-Suit and which are used in mobile communications standards used in the United States, such as the Global System for Mobile ("GSM") communications, Enhanced Data Rates for GSM Evolution ("EDGE"), and Wideband Code Division Multiple Access ("W-CDMA").

## THE PARTIES

4.     Plaintiff WiAV is a limited liability company organized under the laws of Virginia with its principal place of business at 8133 Leesburg Pike, Suite 640, Vienna, VA 22182, in the judicial district of the Eastern District of Virginia.

5.      Plaintiff WiAV is the lawful assignee of all right, title, and interest in and to the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, and the '573 Patent.

6.      On information and belief, Motorola Mobility, Inc. ("Motorola") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  On information and belief, Motorola designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

7.      On information and belief, Nokia Corporation is a Finnish Corporation, with its principal place of business at Keilalahdentie 4, P.O. Box 226, FIN-00045 Nokia Group, Espoo, Finland.  Nokia Inc., on information and belief, is a wholly-owned subsidiary of Nokia Corporation and incorporated under the laws of the State of Delaware, with its principal place of business at 6000 Connection Drive, Irving, Texas 75039.  Nokia Corporation and Nokia Inc. will be referred to herein individually and collectively as the "Nokia Defendants" or "Nokia."  On information and belief, the Nokia Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

8.      On information and belief, Sony Ericsson Mobile Communications AB is a Swedish company, with its principal place of business at 202 Hammersmith Road, London, W6 7DN, United Kingdom.  Sony Ericsson Mobile Communications (USA), Inc., on information and belief, is a wholly-owned subsidiary of Sony Ericsson Mobile Communications AB, and is incorporated under the laws of the State of Delaware, with its primary place of business at 7001 Development Drive, Research Triangle Park, NC 27709.  Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA), Inc. will be referred to herein individually and collectively as the "Sony Ericsson Defendants" or "Sony Ericsson."  On

information and belief, the Sony Ericsson Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

## JURISDICTION AND VENUE

9.      This lawsuit is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

11.     This Court has personal jurisdiction over Motorola, and venue is proper in this district, because Motorola does business in Virginia and in this district, and infringement has occurred and continues to occur in Virginia and in this district.  In addition, the Court has personal jurisdiction over Motorola because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.  On information and belief, Motorola knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products.  By way of example, the accused products identified herein include those ultimately sold and/or offered for sale within this district.  In accordance with established distribution channels for the accused products, Motorola reasonably anticipated that the accused products would end up in this district and be sold herein.

12.     This Court has personal jurisdiction over the Nokia Defendants, and venue is proper in this district, because the Nokia Defendants do business in Virginia and in this district, and infringement has occurred and continues to occur in Virginia and in this district.  In addition, the Court has personal jurisdiction over the Nokia Defendants because each of them has

4

established minimum contacts with the forum and the exercise of jurisdiction over them would

not offend traditional notions of fair play and substantial justice. On information and belief, the

Nokia Defendants knowingly and intentionally participate in a stream of commerce into the

United States including sales of the accused products. By way of example, the accused products

identified herein include those ultimately sold and/or offered for sale within this district. In

accordance with established distribution channels for the accused products, the Nokia

Defendants reasonably anticipated that the accused products would end up in this district and be

sold herein.

13.      This Court has personal jurisdiction over the Sony Ericsson Defendants, and

venue is proper in this district, because the Sony Ericsson Defendants do business in Virginia

and in this district, and infringement has occurred and continues to occur in Virginia and in this

district. In addition, the Court has personal jurisdiction over the Sony Ericsson Defendants

because each of them has established minimum contacts with the forum and the exercise of

jurisdiction over them would not offend traditional notions of fair play and substantial justice.

On information and belief, the Sony Ericsson Defendants knowingly and intentionally participate

in a stream of commerce into the United States including sales of the accused products. By way

of example, the accused products identified herein include those ultimately sold and/or offered

for sale within this district. In accordance with established distribution channels for the accused

products, the Sony Ericsson Defendants reasonably anticipated that the accused products would

end up in this district and be sold herein.

## FACTUAL BACKGROUND

14.      The Patents-in-Suit are generally directed to various aspects of encoding and

decoding of speech signals.

15.     The first Patent-in-Suit, the '606 Patent, was duly and legally issued on July 3, 2001.

16.     The second Patent-in-Suit, the '578 Patent, was duly and legally issued on October 10, 2006.

17.     The third Patent-in-Suit, the '814 Patent, was duly and legally issued on January 14, 2003.

18.     The fourth Patent-in-Suit, the '493 Patent, was duly and legally issued on September 4, 2007.

19.     The fifth Patent-in-Suit, the '573 Patent, was duly and legally issued on May 7, 2002.

**Defendants Accused Products and Processes Infringe the Patents-in-Suit**

20.     Defendants market, make, use, sell, offer for sale, and/or import into the United States products and services that directly infringe, contributorily infringe, and/or induce others to infringe, or are used to practice processes that infringe, one or more claims of the Patents-in-Suit. Generally, Defendants infringing products include wireless communications products that perform Adaptive Multi Rate ("AMR") speech coding, as defined by the Third Generation Partnership Project ("3GPP") standards.  AMR is the speech codec used by the GSM, EDGE, and W-CDMA communications standards used in the United States.

21.     On information and belief, the Motorola products presently known to WiAV that use the AMR speech codec and therefore infringe the Patents-in-Suit include the A1000, A630, A780, A830, A845, A910, AURA, C650, C975, C980, E1000, E398, E680i, Karma QA1, L2, L6, L6i, MOTO EM330, MOTO Q 8, MOTO Q 9h Global, MOTO Q Global, MOTO Q gsm, MOTO Z6w, MOTO Z9, MOTOKRZR K1, MOTORAZR V3, MOTORAZR V3e,

6

MOTORAZR V3t, MOTORAZR V3x, MOTORAZR V3xx, MOTORAZR2 V8, MOTORAZR2

V9, MOTORAZR2 V9x, MOTORIZR Z3, MOTOROKR E1, MOTOROKR E2, MOTOROKR

E8, MOTOROKR U9, MOTOROKR Z6, MOTOSLVR L7, MOTOSLVR L71, MOTOSLVR

L72, MOTOSLVR L7e, MOTOSLVR L7i, MOTOSLVR L9, MOTOSURF A3100,

MOTOZINE ZN5, T725, Tundra VA76r, V1100, V220, V300, V360, V365, V400, V500, V525,

V550, V600, V80, V975, V980, W490, W760r, A910i, Atrix 4G, Backflip, Bravo, Charm,

CLIQ, CLIQ 2, CLIQ XT, Defy, DROID 2 Global, DROID Pro, MOTOROKR EM35, ES400,

Flipout, Flipside, M702IiS-IZAR, MOTOROKR EM30, MOTOPEBL U3, Q700, V235, V303,

V540, V551, V555, V557, V635, VE66-Pearl, and ZN5 xPIXL devices ("Motorola Accused

Products").  Motorola earns substantial revenue each year selling such products in the United

States.

      22.     On information and belief, the Nokia products presently known to WiAV that use

AMR speech codec and therefore infringe the Patents-in-Suit include 1680 Classic, 2600 ATT,

2600 classic, 2610, 2626, 2630, 2660, 2680 slide, 2760, 3555, 3600 Slide, 3610, 3710 fold, 3711,

5130 XpressMusic, 5310 XpressMusic, 5530 XpressMusic, 5610 XpressMusic, 5800

XpressMusic, 6085, 6125, 6126, 6131 NFC, 6136, 6212, 6263, 6301, 6350, 6500 classic, 6600i

slide, 6650 fold, 6750 Mural, 6790 Surge, 7510, 7510 Supernova, 7610 Supernova, 8600 Luna,

8801, E50, E62, E63, E66, E71, E71x, E72, E75, Mural, N73, N75, N79, N82, N85, N86 8MP,

N900, N93, N95, N95 8GB, N95-3 NAM, N96, N96-3, N97, N97 mini, X6, 1661, 2330, 2680

slide, 2680, 2730, 2730 classic, 3110 classic, 3110 Evolve, 3120, 3200, 3220, 3230, 3500 classic,

5000, 5070, 5140, 5140i, 5200, 5220, 5230 Nuron, 5300, 5320, 5630, 5700, 5710, 5730, 6020,

6070, 6080, 6086, 6101, 6102, 6102i, 6103, 6110, 6111, 6120, 6120 classic, 6131, 6133, 6151,

6170, 6200, 6210, 6220, 6230, 6230i, 6267, 6280, 6282, 6288, 6300, 6500 slide, 6555, 6600

slide, 6620, 6630, 6650, 6651, 6680, 6681, 6682, 6700 Slide, 6760 slide, 6790 Slide, 6810, 6820, 6822, 7020, 7200, 7260, 7270, 7280, 7310, 7360, 7370, 7373, 7380, 7390, 7500, 7700, 7710, 7900, 8800, 9300, 9300i, 9500, C1-01, C3, C3-01 Touch and Type, C5-03, C6, C6-01, E5, E7, E51, E52, E60, E61, E61i, E65, E70, E73, E90, N8, N70, N71, N72, N76, N77, N78, N80, N81, N90, N91, N92, N93i, X2-01, X3, and X6-00 devices ("Nokia Accused Products").  The Nokia Defendants earn substantial revenue each year selling such products in the United States.

23.     On information and belief, the Sony Ericsson products presently known to WiAV that use AMR speech codec and therefore infringe the Patents-in-Suit include the C510a, C702a, C901, C901aGreenheart, C902, C905a, K310a, K310i, K320i, K510a, K510i, K550i, K608i, K618i, K790a, K790i, K800i, K850i, M600i, Naitea, P1i, P800, P900, P910, P910a, P990i, S500i, Satio, T715a, TM506, W200a, W300i, W350a, W380a, W518a, W580i, W595a, W600i, W700i, W705a, W710i, W760a, W810i, W830i, W850i, W880i, W950i, W995a, X1, Xperia X10a, Yaria, Z310a, Z520a, Z520i, Z525a, Z530i, Z550a, Z550i, Z555i, Z610i, Z710i, Z750a, Z780, Aspen, Equinox, Naite, S710A, Vivaz, Vivaz pro, W610i, W712a, Xperia arc, Xperia neo, Xperia PLAY, Xperia X10, Xperia X10 mini, Xperia X10 mini pro, Xperia X8, Z500a, Z502a, and Z712a devices ("Sony Ericsson Accused Products").  The Sony Ericsson Defendants earn substantial revenue each year selling such products in the United States.

## COUNT I
### (Infringement of United States Patent No. 6,256,606)

24.     Paragraphs 1 through 23 are incorporated by reference as if fully restated herein.

25.     WiAV is the assignee and lawful owner of all right, title, and interest in and to the '606 Patent.

26.     Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use the Accused Products identified above, which infringe, directly, and/or

indirectly, claims 1-3, 7, 9, 16, and 17 of the '606 Patent. The '606 Patent relates to a multirate speech codec that performs silence description coding of a speech signal. On information and belief, Defendants' Accused Products include a multirate speech codec that infringes the asserted claims of the '606 Patent. In particular, on information and belief, Defendants' Accused Products directly infringe those claims under 35 U.S.C. § 271(a) by performing "silence description coding" in the manner described in and required by the AMR standards. The infringing silence description mode is identified in representative 3GPP specification TS 26.071 (v 8.0.0) § 5 (Ex. F), and related specifications, as "AMR_SID."

27.    On information and belief, Defendants also induce infringement of the '606 Patent under 35 U.S.C. § 271(b), because, since at least the filing of the original complaint for Defendant Sony Ericsson, since December 7, 2006 for Defendant Nokia, and since March 3, 2008 for Defendant Motorola, Defendants have, with knowledge of the '606 Patent, sold the Accused Products with the intent that when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they must use an infringing AMR speech codec, which is mandatory under the 3GPP standards.

28.    On information and belief, Defendants also contributorily infringe the '606 Patent under 35 U.S.C. § 271(c), because, since at least the filing of the original complaint for Defendant Sony Ericsson, since December 7, 2006 for Defendant Nokia, and since March 3, 2008 for Defendant Motorola, Defendants have, with knowledge of the '606 Patent, sold the Accused Products knowing that the Accused Products are especially made to use an infringing AMR speech codec, which has no substantial noninfringing use when used in a GSM, EDGE, or W-CDMA network.

29.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT II
### (Willful Infringement of United States Patent No. 6,256,606)

30.     Paragraphs 1 through 29 are incorporated by reference as if fully restated herein.

31.     Defendants have also willfully infringed the '606 Patent because at least since the original complaint was filed more than a year ago, Defendants continue to sell existing products, and introduce new products, that use the infringing AMR speech codec, with full knowledge that it infringes the '606 Patent.  Defendant Nokia's willful infringement has been ongoing at least since at least December 7, 2006, when it was notified that the '606 Patent was essential to the AMR standard.  Defendant Motorola's willful infringement has been ongoing at least since March 3, 2008, when it was notified that the '606 Patent read on the AMR standard.

32.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT III
### (Infringement of United States Patent No. 7,120,578)

33.     Paragraphs 1 through 32 are incorporated by reference as if fully restated herein.

34.     WiAV is the assignee and lawful owner of all right, title, and interest in and to the '578 Patent.

35.     Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use the Accused Products identified above, which infringe, directly, and/or indirectly, claims 1, 2, and 13-15 of the '578 Patent.  The '578 Patent relates to a multirate speech codec that performs silence description coding of a speech signal.  On information and belief, Defendants' Accused Products include a multirate speech codec that infringes the asserted claims of the '578 Patent.  In particular, on information and belief, Defendants' Accused

10

Products infringe those claims by performing "silence description coding" in the manner described in and required by the AMR standards.  The infringing silence description mode is identified in 3GPP specification TS 26.071 (v 8.0.0) § 5 (Ex. F), and related specifications, as "AMR_SID."

36.     On information and belief, Defendants also induce infringement of the '578 Patent under 35 U.S.C. § 271(b), because, since at least the filing of the original complaint for Defendant Sony Ericsson, since December 7, 2006 for Defendant Nokia, and since March 3, 2008 for Defendant Motorola, Defendants have, with knowledge of the '578 Patent, sold the Accused Products with the intent that when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they must use an infringing AMR speech codec, which is mandatory under the representative 3GPP standards.

37.     On information and belief, Defendants also contributorily infringe the '578 Patent under 35 U.S.C. § 271(c), because, since at least the filing of the original complaint for Defendant Sony Ericsson, since December 7, 2006 for Defendant Nokia, and since March 3, 2008 for Defendant Motorola, Defendants have, with knowledge of the '578 Patent, sold the Accused Products knowing that the Accused Products are especially made to use an infringing AMR speech codec, which has no substantial noninfringing use when used in a GSM, EDGE, or W-CDMA network.

38.     WiAV is entitled to recover damages adequate to compensate for the infringement.

### COUNT IV
### (Willful Infringement of United States Patent No. 7,120,578)

39      Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

40.     Defendants have also willfully infringed the '578 Patent because at least since the original complaint was filed more than a year ago, Defendants continue to sell existing products, and introduce new products, that use the infringing AMR speech codec, with full knowledge that it infringes the '578 Patent.  Defendant Nokia's willful infringement has been ongoing at least since at least December 7, 2006, when it was notified that the '578 Patent was essential to the AMR standard.  Defendant Motorola's willful infringement has been ongoing at least since March 3, 2008, when it was notified that the '578 Patent read on the AMR standard.

41.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT V
### (Infringement of United States Patent No. 6,507,814)

42.     Paragraphs 1 through 41 are incorporated by reference as if fully restated herein.

43.     WiAV is the assignee and lawful owner of all right, title, and interest in and to the '814 Patent.

44.     Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use the Accused Products identified above, which infringe, directly, and/or indirectly, claims 8-11, 16-19, 21, 24, 36, and 37 of the '814 Patent.  The '814 Patent relates to system for encoding a speech signal by selecting a pitch lag candidate.  The pitch lag candidate is selected by favoring pitch lag candidates having a timing relationship with a previous pitch lag.  On information and belief, Defendants Accused Products select pitch lag candidates in a manner that infringes the asserted claims of the '814 Patent.  In particular, on information and belief, Defendants Accused Products infringe those claims by performing "open loop pitch analysis" in the manner described in and required by the AMR standards.  The infringing "open loop pitch

analysis" is described in representative 3GPP specification TS 26.090 (v 8.0.0) § 5.3 (Ex. G), and related specifications, for the 10.2 kbit/s mode.

45.     On information and belief, Defendants also induce infringement of the '814 Patent under 35 U.S.C. § 271(b), because, since at least the filing of the original complaint for Defendant Sony Ericsson, since December 7, 2006 for Defendant Nokia, and since March 3, 2008 for Defendant Motorola, Defendants have, with knowledge of the '814 Patent, sold the Accused Products with the intent that when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they must use an infringing AMR speech codec, which is mandatory under the 3GPP standards.

46.     On information and belief, Defendants also contributorily infringe the '814 Patent under 35 U.S.C. § 271(c), because, since at least the filing of the original complaint for Defendant Sony Ericsson, since December 7, 2006 for Defendant Nokia, and since March 3, 2008 for Defendant Motorola, Defendants have, with knowledge of the '814 Patent, sold the Accused Products knowing that the Accused Products are especially made to use an infringing AMR speech codec, which has no substantial noninfringing use when used in a GSM, EDGE, or W-CDMA network.

47.     WiAV is entitled to recover damages adequate to compensate for the infringement.

**COUNT VI**
**(Willful Infringement of United States Patent No. 6,507,814)**

48.     Paragraphs 1 through 47 are incorporated by reference as if fully restated herein.

49.     Defendants have also willfully infringed the '814 Patent because at least since the original complaint was filed more than a year ago, Defendants continue to sell existing products, and introduce new products, that use the infringing AMR speech codec, with full knowledge that

13

it infringes the '814 Patent.  Defendant Nokia's willful infringement has been ongoing at least

since at least December 7, 2006, when it was notified that the '814 Patent was essential to the

AMR standard.  Defendant Motorola's willful infringement has been ongoing at least since

March 3, 2008, when it was notified that the '814 Patent read on the AMR standard.

50.     WiAV is entitled to recover damages adequate to compensate for the

infringement.

## COUNT VII
### (Infringement of United States Patent No. 7,266,493)

51.     Paragraphs 1 through 50 are incorporated by reference as if fully restated herein.

52.     WiAV is the assignee and lawful owner of all right, title, and interest in and to the

'493 Patent.

53.     Defendants make, use, sell, offer to sell, and/or import into the United States for

subsequent sale or use the Accused Products identified above, which infringe, directly, and/or

indirectly, claims 5-7, 9, 20-22, and 24 of the '493 Patent.  The '493 Patent relates to system for

encoding a speech signal by selecting a pitch lag candidate.  The pitch lag candidate is selected

by favoring pitch lag candidates having a timing relationship with a previous pitch lag.  On

information and belief, Defendants Accused Products select pitch lag candidates in a manner that

infringes the asserted claims of the '493 Patent.  In particular, on information and belief,

Defendants Accused Products infringe those claims by performing "open loop pitch analysis" in

the manner described in and required by the AMR standards.  The infringing "open loop pitch

analysis" is described in representative 3GPP specification TS 26.090 (v 8.0.0) § 5.3 (Ex. G),

and related specifications, for the 10.2 kbit/s mode.

54.     On information and belief, Defendants also induce infringement of the '493

Patent under 35 U.S.C. § 271(b), because, since at least the filing of the original complaint,

Defendants have, with knowledge of the '493 Patent, sold the Accused Products with the intent

that when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they

must use the infringing AMR speech codec, which is mandatory under the 3GPP standards.

55.     On information and belief, Defendants also contributorily infringe the '493 Patent

under 35 U.S.C. § 271(c), because, since at least the filing of the original complaint, Defendants

have, with knowledge of the '493 Patent, sold the Accused Products knowing that the Accused

Products are especially made to use the infringing AMR speech codec, which has no substantial

noninfringing use when used in a GSM, EDGE, or W-CDMA network.

56.     WiAV is entitled to recover damages adequate to compensate for the

infringement.

## COUNT VIII
## (Willful Infringement of United States Patent No. 7,266,493)

57.     Paragraphs 1 through 56 are incorporated by reference as if fully restated herein.

58.     Defendants have also willfully infringed the '493 Patent because at least since the

original complaint was filed more than a year ago, Defendants continue to sell existing products,

and introduce new products, that use the infringing AMR speech codec, with full knowledge that

it infringes the '493 Patent.

59.     WiAV is entitled to recover damages adequate to compensate for the

infringement.

## COUNT XI
## (Infringement of United States Patent No. 6,385,573)

60.     Paragraphs 1 through 59 are incorporated by reference as if fully restated herein.

61.     WiAV is the assignee and lawful owner of all right, title, and interest in and to the

'573 Patent.

62.    Defendants make, use, sell, offer to sell ,and/or import into the United States for subsequent sale or use the Accused Products identified above that infringe, directly, and/or indirectly claims 1 and 3-5 of the '573 Patent.  The '573 Patent relates to system for processing a speech signal.  The system uses an analysis by synthesis approach and applies an adaptive tilt compensation on the signal based in paart on the flatness of the signal.  On information and belief, Defendants Accused Products use an analysis by synthesis approach which applies an adaptive tilt compensation in part on the flatness of the signal, which infringes the asserted claims of the '573 Patent.  In particular, on information and belief, Defendants Accused Products infringe those claims by performing "adaptive post filtering" in the manner described in and required by the AMR standards.  The infringing "adaptive post filtering" including a "tilt compensation filter" is described in representative 3GPP specification TS 26.090 (v 8.0.0) § 6.2.1 (Ex. G), and related specifications.

63.    On information and belief, Defendants also induce infringement of the '573 Patent under 35 U.S.C. § 271(b), because, since at least the filing of the original complaint for Defendant Sony Ericsson, since December 7, 2006 for Defendant Nokia, and since March 3, 2008 for Defendant Motorola, Defendants have, with knowledge of the '573 Patent, sold the Accused Products with the intent that when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they must use an infringing AMR speech codec, which is mandatory under the 3GPP standards.

64.    On information and belief, Defendants also contributorily infringe the '573 Patent under 35 U.S.C. § 271(c), because, since at least the filing of the original complaint for Defendant Sony Ericsson, since December 7, 2006 for Defendant Nokia, and since March 3, 2008 for Defendant Motorola, Defendants have, with knowledge of the '573 Patent, sold the

16

Accused Products knowing that the Accused Products are especially made to use an infringing AMR speech codec, which has no substantial noninfringing use when used in a GSM, EDGE, or W-CDMA network.

65.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT X
### (Willful Infringement of United States Patent No. 6,385,573)

66.    Paragraphs 1 through 65 are incorporated by reference as if fully restated herein.

67.    Defendants have also willfully infringed the '573 Patent because at least since the original complaint was filed more than a year ago, Defendants continue to sell existing products, and introduce new products, that use the infringing AMR speech codec, with full knowledge that it infringes the '573 Patent.  Defendant Nokia's willful infringement has been ongoing at least since at least December 7, 2006, when it was notified of the '573 Patent.  Defendant Motorola's willful infringement has been ongoing at least since March 3, 2008, when it was notified that the '573 Patent read on the AMR standard.

68.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, WiAV prays for judgment against Defendants, granting WiAV the following relief:

A.    That this Court adjudge and decree that Defendants have infringed, directly and/or indirectly, the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, and the '573 Patent;

B.    That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Patents-in-Suit, or otherwise engaging in acts of infringement of the Patents-in-Suit, all as alleged herein;

C.    That this Court find that Defendants infringement is willful and enter an award of enhanced damages up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

D.    That this Court declare this case to be exceptional and direct Defendants to pay WiAV's attorneys fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

E.    That this Court order an accounting to determine the damages to be awarded to WiAV as a result of Defendants infringement;

F.    That this Court order an accounting to determine the damages to be awarded to WiAV as a result of Defendants infringement following the period of damages established by WiAV at trial;

G.    That this Court, pursuant to 35 U.S.C. § 284, enter an award to WiAV of such damages as it shall prove at trial against Defendants that are adequate to compensate WiAV for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

18

H.      That this Court assess pre-judgment and post-judgment interest and costs against

        Defendants, together with an award of such interest and costs, in accordance with

        35 U.S.C. § 284; and

I.      That this Court grant to WiAV such other, further, and different relief as may be

        just and proper.

**JURY DEMAND**

WiAV demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Date: March 29, 2011

Respectfully submitted,

WiAV SOLUTIONS LLC

By Counsel

         /s/ Henry I. Willett, III
Henry I. Willett, III (VSB 44655)
*hwillett@cblaw.com*
Nichole Buck Vanderslice (VSB 42637)
*nvanderslice@cblaw.com*
R. Braxton Hill, IV (VSB 41539)
*bhill@cblaw.com*
David B. Lacy (VSB 71177)
*dlacy@cblaw.com*
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Tel:  (804) 697-4100
Fax:  (804) 697-4112

Vincent P. Kovalick
*vince.kovalick@finnegan.com*
E. Robert Yoches, *pro hac vice*
*bob.yoches@finnegan.com*
Kenie Ho, *pro hac vice*
*kenie.ho@finnegan.com*
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

Lily Lim, *pro hac vice*
*lily.lim@finnegan.com*
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA  94304-1203
Tel: (650) 849-6600
Fax: (650) 849-6666

Christopher Schultz, *pro hac vice*
*christopher.schultz@finnegan.com*
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER, LLP
55 Cambridge Parkway
Cambridge, MA  02142-1215
Tel: (617) 452-1600
Fax: (617) 452-1666

Daniel S. Carlineo, *pro hac vice*
CARLINEO, SPICER & KEE, LLC
*dcarlineo@techpats.com*
2003 S. Easton Rd, Suite 208
Doylestown, PA  18901
Tel: (267) 880-1720
Fax: (267) 880-1721

**Attorneys for Plaintiff WiAV Solutions, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

<table>
<tr>
<td>
Dana Duane McDaniel<br>
Edward Everett Bagnell, Jr.<br>
SPOTTS FAIN PC<br>
411 East Franklin St, Suite 600<br>
Richmond, VA 23218-1555<br>
Tel: (804) 697-2065<br>
Fax: (804) 697-2165<br>
Email: dmcdaniel@spottsfain.com<br>
Email: ebagnell@spottsfain.com
</td>
<td>
Andrew R. Sommer<br>
WINSTON & STRAWN LLP<br>
1700 K Street, NW<br>
Washington, D.C. 20006<br>
T: (202) 282-5896<br>
F: (202) 282-5100<br>
Email: asommer@winston.com<br>
<br>
Jonathan E. Retsky (pro hac vice)<br>
WINSTON & STRAWN LLP<br>
35 W. Wacker Drive<br>
Chicago, IL 60601<br>
T: (312) 558-3791<br>
F: (312) 558-5700<br>
Email: JRetsky@winston.com
</td>
</tr>
<tr>
<td colspan="2" align="center"><strong>Attorneys for Defendant Motorola Mobility, Inc.</strong></td>
</tr>
</table>

<table>
<tr>
<td>
David E. Finkelson<br>
John Newby<br>
MCGUIREWOODS LLP<br>
One James Center<br>
901 E. Cary Street<br>
Richmond, VA 23219<br>
Tel: 804-775-1000<br>
Fax: 804-775-1061<br>
Email: dfinkelson@mcguirewoods.com<br>
Email: jnewby@mcguirewoods.com
</td>
<td>
Frank G. Smith (pro hac vice)<br>
John D. Haynes (pro hac vice)<br>
Stephen G. McNiff (pro hac vice)<br>
Ryan W. Koppelman (pro hac vice)<br>
David S. Frist (pro hac vice)<br>
Siraj M. Abhyankar (pro hac vice)<br>
ALSTON & BIRD LLP<br>
1201 West Peachtree Street<br>
Atlanta, GA 30309-3424<br>
Tel: 404-881-7000<br>
Fax: 404-881-7777<br>
Email: frank.smith@alston.com<br>
Email: john.haynes@alston.com<br>
Email: steve.mcniff@alston.com<br>
Email: ryan.koppelman@alston.com<br>
Email: david.frist@alston.com<br>
Email: shri.abhyankar@alston.com
</td>
</tr>
<tr>
<td colspan="2" align="center"><strong>Attorneys for Defendants Nokia Corporation and Nokia Inc.</strong></td>
</tr>
</table>

Brian C. Riopelle
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219-4030
Tel: (804) 775-1000
Fax: (804) 775-1061
Email: briopelle@mcguirewoods.com

Frederick S. Frei (pro hac vice)
Aldo Noto
ANDREWS KURTH LLP
1350 I Street, N.W.
Washington, D.C. 20005
Tel: (202) 662-2700
Fax: (202) 662-2739
Email: aldonoto@andrewskurth.com
Email: frederickfrei@andrewskurth.com

James V. Mahon (pro hac vice)
ANDREWS KURTH LLP
4819 Emperor Blvd.
Suite 400
Durham, NC  27703
Tel: (919) 313-4831
Fax: (202) 974-9551
Email: jamesmahon@andrewskurth.com

Alexander Rudis, pro hac vice
alexanderrudis@quinnemanuel.com
Eric Huang, pro hac vice
erichuang@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue 22nd Floor
New York , NY 10010
Tel: (212) 849-7246
Fax: (212) 849-7100

Kevin Paul Bernard Johnson, pro hac vice
kevinjohnson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores , CA 94065
Tel: (650) 801-5015
Fax: (650) 801-5100

Daniel Paul Homiller, pro hac vice
dhomiller@coatsandbennett.com
Coats & Bennett, PLLC
1400 Crescent Green, Suite 300
Cary, NC  27518
Tel: (919) 854-1844
Fax: (919) 854-2084

**Attorneys for Defendants Sony Ericsson Mobile Communications (USA) Inc.
and Sony Ericsson Mobile Communications AB**

/s/ Henry I. Willett, III
Henry I. Willett, III (VSB 44655)
*hwillett@cblaw.com*
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Tel:  (804) 697-4100
Fax:  (804) 697-4112

**Counsel for Plaintiff WiAV Solutions LLC**