**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| WIAV Solutions LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, INC., a Delaware company;<br><br>NOKIA CORPORATION, a Finnish company;<br><br>NOKIA INC., a Delaware company;<br><br>SONY ERICSSON MOBILE COMMUNICATIONS AB, a Swedish company;<br><br>And<br><br>SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., a Delaware company,<br><br>        Defendants. | CASE NO.  3:09-cv-447-LO<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF MOTOROLA MOBILITY, INC.**

Defendant Motorola Mobility, Inc. ("Motorola") submits this Answer to Plaintiff WiAV Solutions LLC's ("WiAV") Amended Complaint.  Motorola denies the allegations and characterizations in WiAV's Amended Complaint unless expressly admitted in the following paragraphs:

**ANSWER**

1.      Motorola admits that Plaintiff WiAV Solutions LLC demands a jury trial and complains of Motorola Mobility, Inc., Nokia Corporation, Nokia Inc., Sony Ericsson Mobile

1

Communications AB, and Sony Ericsson Mobile Communications (USA) Inc. Motorola

otherwise denies the allegations of Paragraph 1 of the Amended Complaint.

## NATURE OF THE ACTION

2.      Motorola admits that this is purported to be an action for patent infringement

arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*  Motorola further

admits that WiAV seeks  injunctive relief and monetary damages related to  Motorola's alleged

use, manufacture, sale, offer to sell and/or importation into the United States of products,

methods, processes, services and/or systems that WiAV contends infringe one or more claims of

U.S. Patent Nos. 6,256,606 ("the '606 Patent"), titled "Silence description coding for multi-rate

speech codecs;" 7,120,578 ("the '578 Patent"), titled "Silence description coding for multi-rate

speech codecs;" 6,507,814 ("the '814 Patent"), titled "Pitch determination using speech

classification and prior pitch estimation;" 7,266,493 ("the '493 Patent"), titled "Adaptive gain

reduction to produce fixed codebook target signal;" and 6,385,573 ("the '573 Patent"), titled

"Adaptive tilt compensation for synthesized speech residual," (collectively the "Patents-in-

Suit"). Motorola denies that it has ever infringed any of the Patents-in-Suit and denies that

WiAV is entitled to any relief whatsoever.  Motorola denies the remaining allegations in this

paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or

falsity of the allegations of this paragraph relative to the other Defendants in this case and

therefore denies them.

3.      Motorola admits that this case purportedly relates to Motorola's manufacture, use,

sale, offer for sale, and/or importation into the United States of products, methods, processes,

services and systems that operate using certain speech and audio coding methods used in mobile

communication standards used in the United States, such as the Global System for Mobile

2

("GSM") communications, Enhanced Data Rates for GSM Evolution ("EDGE"), and the Wideband Code Division Multiple Access ("W-CDMA"). Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

## THE PARTIES

4.      Motorola admits that Plaintiff WiAV is a Virginia limited liability company. Motorola lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

5.      Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

6.      Motorola admits that it is a corporation organized and existing under the laws of Delaware, with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola further admits that it designs, manufactures, uses, sells, imports, and/or distributes many of the wireless communications products that WiAV has accused of infringement. Motorola denies the remaining allegations in this paragraph as to Motorola.

7.      Paragraph 7 does not require a response by Motorola. To the extent that Paragraph 7 is deemed to require a response from Motorola, Motorola responds that it lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

8.      Paragraph 8 does not require a response by Motorola. To the extent that Paragraph 8 is deemed to require a response from Motorola, Motorola responds that it lacks information

DC:673618.1

sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

## JURISDICTION AND VENUE

9.      Motorola admits that the Amended Complaint purports to state a cause of action under the patent laws of the United States, including 35 US.C. § 271. Motorola lacks information sufficient to form a belief as to the truth or falsity of WiAV's allegation that this Court has subject matter jurisdiction over this dispute. Motorola denies the remaining allegations in this paragraph.

10.      Motorola denies that venue is proper in this jurisdiction under 28 U.S.C. §§ 1391(b), (c), and 1400(b).  Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations against the other Defendants and therefore denies them.

11.      Motorola admits that this Court has personal jurisdiction over Motorola and that Motorola does business in Virginia and in this District.  Motorola admits that it sells and offers to sell products including some, but not all, of the products accused of infringement in Paragraph 21 of the Amended Complaint.  Motorola further admits that some, but not all, of the products identified in Paragraph 21 of the Amended Complaint include those ultimately sold and/or offered for sale within this District.  Motorola further admits that through distribution channels for some (but not all) of the accused products identified in Paragraph 21 of the Amended Complaint, Motorola reasonably anticipates that the accused products will end up in this District and be sold in this District. Motorola further admits that it participates in a stream of commerce into the United States that includes some (but not all) of the accused products identified in Paragraph 21 of the Amended Complaint.  Motorola denies that any Motorola product infringes and, therefore, denies that infringement has occurred and continues to occur in

4

Virginia, this District, or elsewhere.  To the extent that any of the remaining allegations require a response by Motorola, Motorola denies them.

12.     Paragraph 12 does not require a response by Motorola.  To the extent that Paragraph 12 is deemed to require a response by Motorola, Motorola responds that it lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

13.     Paragraph 13 does not require a response by Motorola.  To the extent that Paragraph 13 is deemed to require a response by Motorola, Motorola responds that it lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

## FACTUAL BACKGROUND

14.     Motorola denies that paragraph 14 accurately and fully describes the Patents-in-Suit.

15.     Motorola admits that the '606 patent was issued by the United States Patent and Trademark Office on July 3, 2001. Motorola denies the remaining allegations in this paragraph.

16.     Motorola admits that the '578 patent was issued by the United States Patent and Trademark Office on October 10, 2006. Motorola denies the remaining allegations in this paragraph.

17.     Motorola admits that the '814 patent was issued by the United States Patent and Trademark Office on January 14, 2003. Motorola denies the remaining allegations in this paragraph.

18.     Motorola admits that the '493 patent was issued by the United States Patent and Trademark Office on September 4, 2007. Motorola denies the remaining allegations in this paragraph.

19.     Motorola admits that the '573 patent was issued by the United States Patent and Trademark Office on May 7, 2002. Motorola denies the remaining allegations in this paragraph.

20.     Motorola admits that it markets, sells, offers for sale, and imports into the United States products, including wireless communications products, that perform Adaptive Multi Rate ("AMR") speech coding.  Motorola further admits that AMR is the speech codec used by the GSM, EDGE, and W-CDMA communications standards defined by the Third Generation Partnership Project ("3GPP") standards, and that aspects of those standards are used in the United States.  Motorola denies that any Motorola product directly infringes or has infringed, contributorily infringes or has contributorily infringed, and/or induces or has induced others to infringe any of the Patents-in-Suit. Motorola denies the remaining allegations in this paragraph to the extent that they pertain to it. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

21.     Motorola admits that Motorola products include the A1000, A630, A780, A830, A845, A910, AURA, C650, C975, C980, E1000, E398, E680i, Karma QA1, L2, L6, L6i, MOTO EM330, MOTO Q 8, MOTO Q 9h Global, MOTO Q Global, MOTO Q gsm, MOTO Z6w, MOTO Z9, MOTOKRZR K1, MOTORAZR V3, MOTORAZR V3e, MOTORAZR V3t, MOTORAZR V3x, MOTORAZR V3xx, MOTORAZR2 V8, MOTORAZR2 V9, MOTORAZR2 V9x, MOTORIZR Z3, MOTOROKR E1, MOTOROKR E2, MOTOROKR E8, MOTOROKR U9, MOTOROKR Z6, MOTOSLVR L7, MOTOSLVR L71, MOTOSLVR L72, MOTOSLVR

6

L7e, MOTOSLVR L7i, MOTOSLVR L9, MOTOSURF A3100, MOTOZINE ZN5, T725,

Tundra VA76r, V1100, V220, V300, V360, V365, V400, V500, V525, V550, V600, V80, V975,

V980, W490, W760r, A910i, Atrix 4G, Backflip, Bravo, Charm, CLIQ, CLIQ 2, CLIQ XT,

Defy, DROID 2 Global, DROID Pro, MOTOROKR EM35, ES400, Flipout, Flipside, M702IiS-

IZAR, MOTOROKR EM30, MOTOPEBL U3, Q700, V235, V303, V540, V551, V555, V557,

V635, VE66-Pearl, and ZN5 xPIXL devices ("Motorola Accused Products").  Motorola denies

that each of these products use the AMR codec and denies that any of these products infringe the

Patents-in-Suit.  Motorola denies that it has earned substantial revenue each year selling these

products in the United States.  By way of example, Motorola denies that it has earned any

revenue selling the C975, C980, E1000, or the MOTOSURF A3100 in the United States.

Motorola denies the remaining allegations in this paragraph.

22.     Paragraph 22 does not require a response by Motorola. To the extent that

Paragraph 22 is deemed to require a response by Motorola, Motorola responds that it lacks

information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph

and therefore denies them.

23.     Paragraph 23 does not require a response by Motorola. To the extent that

Paragraph 23 is deemed to require a response by Motorola, Motorola responds that it lacks

information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph

and therefore denies them.

## COUNT I

### (WiAV's Allegation of Infringement of United States Patent No. 6,256,606)

24.     Motorola answers and incorporates herein by reference its answers to paragraphs

1 through 23 above.

25.     Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

26.     Motorola admits that it sells, offers to sell, uses, and/or imports into the United States for subsequent sale some—but not all—of the Motorola Accused Products. Motorola further admits that the '606 Patent describes aspects of a multirate speech codec that includes aspects that can encode silence. Motorola denies that WiAV has fully and accurately characterized the subject matter recited in the asserted claims. Motorola admits that some—but not all—of the Motorola Accused Products include a multirate speech codec. Motorola further admits that 3GPP specification TS 26.071 (v 8.0.0) § 5 describes aspects of "AMR_SID." Motorola denies that the multirate codecs accused of infringement infringe or have infringed any asserted claim of the '606 Patent. Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

27.     Motorola admits that in some instances, when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they use an AMR speech codec and that the AMR speech codec is described, at least in part, by certain portions of 3GPP standards. Motorola denies that the AMR speech codec infringes or has infringed the '606 Patent. Motorola further denies that it has induced infringement under 35 U.S.C. § 271(b), or that it has intended to cause any third party to infringe any claim of the '606 Patent. Motorola further denies that it has had knowledge of the '606 Patent since March 3, 2008. Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a

8

belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

28.     Motorola admits that it has sold some—but not all—of the Motorola Accused Products knowing that the Accused Products can use an AMR speech codec.  Motorola denies that it has known of the '606 Patent since March 3, 2008 and denies that it contributorily infringes or has contributorily infringed the '606 Patent under 35 U.S.C. § 271(c).  Motorola further denies that the AMR speech codec infringes or has infringed the '606 Patent.  Motorola also denies that the AMR speech codec has no substantial noninfringing uses. Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

29.      Motorola denies the allegations in this paragraph as to Motorola.  Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

## COUNT II

### (WiAV's Allegation of Willful Infringement of United States Patent No. 6,256,606)

30.     Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 29 above.

31.     Motorola admits that it continued to sell products that existed in July 2009 and has introduced new products since the original complaint was filed more than a year ago. Motorola denies that the AMR codec infringes or has infringed any claim of the '606 Patent. Motorola further denies that it willfully infringes or has willfully infringed any asserted claim of the '606 Patent and denies that it received actual notice on March 3, 2008 that any specific

9

product(s) infringed any specific claims of the '606 Patent or that the '606 Patent was essential to the AMR standard.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

32.     Motorola denies the allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

**COUNT III**

**(WiAV's Allegation of Infringement of United States Patent No. 7,120,578)**

33.     Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 32 above.

34.     Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

35.     Motorola admits that it sells, offers to sell, uses, and/or imports into the United States for subsequent sale some—but not all—of the Motorola Accused Products.  Motorola further admits that the '578 Patent describes aspects of a multirate speech codec that includes aspects that can encode silence.  Motorola denies that WiAV has fully and accurately characterized the subject matter recited in the asserted claims.  Motorola admits that some—but not all—of the Motorola Accused Products include a multirate speech codec.  Motorola further admits that 3GPP specification TS 26.071 (v 8.0.0) § 5 describes aspects of "AMR_SID." Motorola denies that the multirate codecs accused of infringement infringe or have infringed any asserted claim of the '578 Patent.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the

10

allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

36.     Motorola admits that in some instances, when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they use an AMR speech codec and that the AMR speech codec is described, at least in part, by certain portions of 3GPP standards. Motorola denies that the AMR speech codec infringes or has infringed the '578 Patent.  Motorola further denies that it has induced infringement under 35 U.S.C. § 271(b), or that it has intended to cause any third party to infringe any claim of the '578 Patent. Motorola further denies that it has had knowledge of the '578 Patent since March 3, 2008. Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

37.     Motorola admits that it has sold some—but not all—of the Motorola Accused Products knowing that the Accused Products can use an AMR speech codec.  Motorola denies that it has known of the '578 Patent since March 3, 2008, and denies that it contributorily infringes or has contributorily infringed the '578 Patent under 35 U.S.C. § 271(c).  Motorola further denies that the AMR speech codec infringes or has infringed the '578 Patent.  Motorola also denies that the AMR speech codec has no substantial noninfringing uses. Motorola denies the remaining allegations in this paragraph as to Motorola.  Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

38.    Motorola denies the allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

## COUNT IV

**(WiAV's Allegation of Willful Infringement of United States Patent No. 7,120,578)**

39.    Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 38 above.

40.    Motorola admits that it continued to sell products that existed in July 2009 and has introduced new products since the original complaint was filed more than a year ago. Motorola denies that the AMR codec infringes or has infringed any claim of the '578 Patent. Motorola further denies that it willfully infringes or has willfully infringed any asserted claim of the '578 Patent and denies that it received actual notice on March 3, 2008 that any specific product(s) infringed any specific claims of the '578 Patent or that the '578 Patent was essential to the AMR standard.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

41.    Motorola denies the allegations in this paragraph as to Motorola.  Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

## COUNT V

### (WiAV's Allegation of Infringement of United States Patent No. 6,507,814)

42.     Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 41 above.

43.     Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

44.     Motorola admits that it sells, offers to sell, uses, and/or imports into the United States for subsequent sale some—but not all—of the Motorola Accused Products.  Motorola further admits that the '814 Patent describes aspects of a system for encoding speech by selecting a pitch lag candidate and that the selection of a pitch lag candidate is based on prior pitch lag candidates.  Motorola denies that WiAV has fully and accurately characterized the subject matter recited in the asserted claims.  Motorola admits that "open loop pitch analysis" is described, at least in part, in 3GPP specification TS 26.090 (v 8.0.0) § 5.3 for the 10.2 kbit/s mode.  Motorola denies that any of the Motorola Accused Products select pitch lag candidates in a manner that infringes or has infringed the asserted claims of the '814 Patent, and further denies that "open loop pitch analysis" as described in the AMR standards infringes any asserted claim of the '814 Patent.  Motorola denies the remaining allegations in this paragraph as to Motorola.  Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

45.     Motorola admits that in some instances, when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they use an AMR speech codec and that the AMR speech codec is described, at least in part, by certain portions of 3GPP standards.  Motorola denies that the AMR speech codec infringes or has infringed the '814 Patent.  Motorola

13

further denies that it has induced infringement under 35 U.S.C. § 271(b), or that it has intended to cause any third party to infringe any claim of the '814 Patent. Motorola further denies that it has had knowledge of the '814 Patent since March 3, 2008.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

46.     Motorola admits that it has sold some—but not all—of the Motorola Accused Products knowing that the Accused Products can use an AMR speech codec.  Motorola denies that it has known of the '814 Patent since March 3, 2008, and denies that it contributorily infringes or has contributorily infringed the '814 Patent under 35 U.S.C. § 271(c).  Motorola further denies that the AMR speech codec infringes or has infringed the '814 Patent.  Motorola also denies that the AMR speech codec has no substantial noninfringing uses. Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

47.     Motorola denies the allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

## COUNT VI

### (WiAV's Allegation of Willful Infringement of United States Patent No. 6,507,814)

48.     Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 47 above.

14

49.     Motorola admits that it continued to sell products that existed in July 2009 and has introduced new products since the original complaint was filed more than a year ago. Motorola denies that the AMR codec infringes or has infringed any claim of the '814 Patent. Motorola further denies that it willfully infringes or has willfully infringed any asserted claim of the '814 Patent and denies that it received actual notice on March 3, 2008 that any specific product(s) infringed any specific claims of the '814 Patent or that the '814 Patent was essential to the AMR standard.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

50.     Motorola denies the allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

## COUNT VII

### (WiAV's Allegation of Infringement of United States Patent No. 7,266,493)

51.     Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 50 above.

52.     Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

53.     Motorola admits that it sells, offers to sell, uses, and/or imports into the United States for subsequent sale some—but not all—of the Motorola Accused Products.  Motorola further admits that the '493 Patent describes aspects of a system for encoding speech by selecting a pitch lag candidate and that the selection of a pitch lag candidate is based on prior pitch lag candidates.  Motorola denies that WiAV has fully and accurately characterized the subject matter

15

recited in the asserted claims.   Motorola admits that "open loop pitch analysis" is described, at least in part, in 3GPP specification TS 26.090 (v 8.0.0) § 5.3 for the 10.2 kbit/s mode.  Motorola denies that any of the Motorola Accused Products select pitch lag candidates in a manner that infringes or has infringed the asserted claims of the '493 Patent, and further denies that "open loop pitch analysis" as described in the AMR standards infringes any asserted claim of the '493 Patent.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

54.     Motorola admits that in some instances, when purchasers use the Accused Products in a GSM, EDGE, or W-CDMA network, they use an AMR speech codec and that the AMR speech codec is described, at least in part, by certain portions of 3GPP standards. Motorola denies that the AMR speech codec infringes or has infringed the '493 Patent.  Motorola further denies that it has induced infringement under 35 U.S.C. § 271(b), or that it has intended to cause any third party to infringe any claim of the '493 Patent. Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

55.     Motorola admits that it has sold some—but not all—of the Motorola Accused Products knowing that the Accused Products can use an AMR speech codec.  Motorola denies that it contributorily infringes or has contributorily infringed the '493 Patent under 35 U.S.C. § 271(c).  Motorola further denies that the AMR speech codec infringes or has infringed the '493 Patent.  Motorola also denies that the AMR speech codec has no substantial noninfringing uses. Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks

16

information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

56.     Motorola denies the allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

**COUNT VIII**

**(WiAV's Allegation of Willful Infringement of United States Patent No. 7,266,493)**

57.     Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 56 above.

58.     Motorola admits that it continued to sell products that existed in July 2009 and has introduced new products since the original complaint was filed more than a year ago. Motorola denies that the AMR codec infringes or has infringed any claim of the '493 Patent. Motorola further denies that it willfully infringes or has willfully infringed any asserted claim of the '493 Patent.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

59.     Motorola denies the allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

# COUNT XI[1]

## (WiAV's Allegation of Infringement of United States Patent No. 6,385,573)

60.     Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 59 above.

61.     Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

62.     Motorola admits that it sells, offers to sell, uses, and/or imports into the United States for subsequent sale some—but not all—of the Motorola Accused Products.  Motorola further admits that the '573 Patent describes aspects of a system for processing a speech signal using an analysis by synthesis process that compensates for tilt of a synthesized residual signal based in part on the flatness of the synthesized residual signal.  Motorola denies that WiAV has fully and accurately characterized the subject matter recited in the asserted claims.   Motorola admits that "adaptive post filtering" is described, at least in part, in 3GPP specification TS 26.090 (v 8.0.0) § 6.2.1.  Motorola denies that any adaptive postfiltering using the AMR codec performed by the Motorola Accused Products infringes or has infringed the asserted claims of the '573 Patent.  Motorola further denies that "adaptive postfiltering" including a "tilt compensation filter" as described in TS 26.090 and related specifications infringes any asserted claim of the '573 Patent.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

---

[1] Defendant Motorola notes that WiAV appears to have mislabeled this as Count XI (11) instead of Count IX (9). For the purposes of consistency, Motorola will refer to this as Count XI.

18

63.     Motorola admits that in some instances, when purchasers use the Accused

Products in a GSM, EDGE, or W-CDMA network, they use an AMR speech codec and that the

AMR speech codec is described, at least in part, by certain portions of 3GPP standards.

Motorola denies that the AMR speech codec infringes or has infringed the '573 Patent.  Motorola

further denies that it has induced infringement under 35 U.S.C. § 271(b), or that it has intended

to cause any third party to infringe any claim of the '573 Patent.  Motorola further denies that it

has had knowledge of the '573 Patent since March 3, 2008.  Motorola denies the remaining

allegations in this paragraph as to Motorola.  Motorola lacks information sufficient to form a

belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants

in this case and therefore denies them.

64.     Motorola admits that it has sold some—but not all—of the Motorola Accused

Products knowing that the Accused Products can use an AMR speech codec.  Motorola denies

that it has known of the '573 Patent since March 3, 2008 and denies that it contributorily

infringes or has contributorily infringed the '573 Patent under 35 U.S.C. § 271(c).  Motorola

further denies that the AMR speech codec infringes or has infringed the '573 Patent.  Motorola

also denies that the AMR speech codec has no substantial noninfringing uses.  Motorola denies

the remaining allegations in this paragraph as to Motorola.  Motorola lacks information sufficient

to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other

Defendants in this case and therefore denies them.

65.     Motorola denies the allegations in this paragraph as to Motorola.  Motorola lacks

information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph

relative to the other Defendants in this case and therefore denies them.

19

## COUNT X

## (WiAV's Allegation of Willful Infringement of United States Patent No. 6,385,573)

66.     Motorola answers and incorporates herein by reference its answers to paragraphs 1 through 65 above.

67.     Motorola admits that it continued to sell products that existed in July 2009 and has introduced new products since the original complaint was filed more than a year ago. Motorola denies that the AMR codec infringes or has infringed any claim of the '573 Patent. Motorola further denies that it willfully infringes or has willfully infringed any asserted claim of the '573 Patent and denies that it received actual notice on March 3, 2008 that any specific product(s) infringed any specific claims of the '573 Patent or that the '573 Patent was essential to the AMR standard.  Motorola denies the remaining allegations in this paragraph as to Motorola. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

68.     Motorola denies the allegations in this paragraph as to Motorola.  Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

69.     Motorola denies that Plaintiff is entitled to any relief whatsoever in this action from Motorola, either as prayed for in its Complaint and Demand for Jury Trial or otherwise. Motorola lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph relative to the other Defendants in this case and therefore denies them.

20

## AFFIRMATIVE DEFENSES

70.     Motorola asserts the following Affirmative Defenses as to all counts of Plaintiff's

Complaint and Demand for Jury Trial.  By raising these Affirmative Defendants, Motorola does

not assume any burden of proof otherwise borne by Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

71.     Motorola does not and has not infringed any claim of the Patents-in-Suit, either

directly or indirectly.

### SECOND AFFIRMATIVE DEFENSE

72.     The Patents-in-Suit are invalid for failure to satisfy one or more of the conditions

of patentability, including without limitation those set forth in 35 U.S.C. §§ 101 *et seq*.

### THIRD AFFIRMATIVE DEFENSE

73.     Upon information and belief, Plaintiff is barred from recovering for any alleged

infringement of the Patents-in-Suit against Motorola under the doctrines of laches, estoppel, and

waiver.

### FOURTH AFFIRMATIVE DEFENSE

74.     By reason of proceedings in the United States Patent and Trademark Office

during the prosecution of the applications that ultimately led to the issuance of the Patents-in-

Suit, WiAV is estopped from asserting that Motorola infringes or has infringed any claim of the

asserted patents.

### FIFTH AFFIRMATIVE DEFENSE

75.     Upon information and belief, Plaintiff has not provided adequate notice of the

Patents-in-Suit and Plaintiff and its licensees have not marked in accordance with 35 U.S.C. §

287.

DC:673618.1

## SIXTH AFFIRMATIVE DEFENSE

76.     Any claim by Plaintiff for damages in this litigation is limited by 35 U.S.C. § 286

to damages incurred within six years before the filing of the complaint in this action.

## SEVENTH AFFIRMATIVE DEFENSE

77.     A preliminary or permanent injunction would be improper in this case under the

legal standards for injunctions. WiAV was recently formed and is not competing with Motorola,

and is not practicing the alleged inventions. Thus, WiAV cannot be irreparably harmed, and the

balance of the hardships and public interest do not favor an injunction in this case.

78.     Moreover, the balance of the equities favors Motorola because of WiAV's waiver,

estoppels, and laches.

## EIGHTH AFFIRMATIVE DEFENSE

79.     Motorola has engaged in all relevant activities in good faith, thereby precluding

WiAV, even if it prevails, from recovering its reasonable attorney's fees and/or costs under 35

U.S.C. § 285, and from establishing willful infringement.

## NINTH AFFIRMATIVE DEFENSE

80.     WiAV has failed to state a claim upon which relief can be granted with respect to

at least willfulness and for pre-suit damages.

22

DC:673618.1

Dated:  April 12, 2011

**FOR DEFENDANT MOTOROLA MOBILITY, INC.**


*/s/ Andrew R. Sommer*

_____

| | |
|---|---|
| Jonathan E. Retsky | Andrew R. Sommer (SBN 70304) |
| Winston & Strawn LLP | Winston & Strawn LLP |
| 35 W. Wacker Drive | 1700 K Street, NW |
| Chicago, IL 60601 | Washington, D.C. 20006 |
| T: (312) 558-3791 | T: (202) 282-5896 |
| F: (312) 558-5700 | F: (202) 282-5100 |
| Email: JRetsky@winston.com | Email: asommer@winston.com |


Charles B. Molster, III (VSB No. 23613)
Winston & Strawn LLP
1700 K Street, NW
Washington, D.C. 20006
T: (202) 282-5988
F: (202) 282-5100
Email: cmolster@winston.com

23

## CERTIFICATE OF SERVICE

I certify that on April 12, 2011, all counsel of record were served with a copy of this document either: (1) by the Court's Electronic Filing System, pursuant to Local Rule CV-102.1(c), if they have consented to electronic service, or (2) by electronic mail, pursuant to FRCP 5(b)(2)(D), if they have not so consented.

*/s/ Andrew R. Sommer*
Andrew R. Sommer

24